

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**
**U.S. Courthouse and Federal Building**
**280 South First Street Room 3035**
**San Jose, California 95113-3099**
**(408) 535-5118**

FILED

2007 MAY 14  P 3: 07

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S. J

**Gloria L. Franklin**
**Clerk of Court**

Richard W. Wieking, Clerk
United States District Court
280 South First Street
San Jose, CA 95113

# C07  02553

RMW

Re:    *Case Name:  SONICblue, Inc.*
       *Case Number:  03-51775-MM*
       *Bankruptcy Judge Name:  Marilyn Morgan*

Dear Mr. Wieking:

[ ] Enclosed please find the notice of appeal, certified copy of the docket and order being appealed and related papers from BAP and designated items to form the record on appeal for assignment to a district court judge.

[X ] Enclosed please find a conformed copy of the notice of appeal, election to district court document, as well as a certified copy of the docket and order being appealed for assignment to a district court judge.

[ ] Enclosed please find the record of designated items and a certificate of record for an appeal that has been previously sent to the district court.

[ ] Enclosed please find a Bankruptcy Judge's Recommendation that Appeal Be Dismissed and the Notice of Appeal and associated documents filed with the Bankruptcy Court.

Please acknowledge receipt of this appeal by stamping the district court case number on a copy of this letter and return it to Janet Dustin .

Gloria L. Franklin, Clerk
United States Bankruptcy Court

Dated: <u>May 14, 2007</u>          By:  _____/s/_____
                                        Janet Dusin,  Deputy Clerk

HENNIGAN, BENNETT & DORMAN LLP
J. MICHAEL HENNIGAN (SBN 59491)
THOMAS B. WATSON (SBN 181546)
JOSHUA M. MESTER (SBN 194783)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone      (213) 694-1200
Facsimile      (213) 694-1234

Counsel for Portside Growth & Opportunity Fund, Smithfield
Fiduciary LLC, and Citadel Equity Fund Ltd.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SONICBLUE INCORPORATED, a Delaware corporation; DIAMOND MULTIMEDIA SYSTEMS, INC., a Delaware corporation; REPLAYTV, INC., a Delaware corporation; and SENSORY SCIENCE CORPORATION, a Delaware corporation<br><br>    Debtors and Debtors in Possession. | Case No.  03-51775 MM<br><br>Chapter 11<br><br>(Case Nos.  03-51775; 03-51776, 03-51777 and 03-51778 MM (Jointly Administered)<br><br>**NOTICE OF APPEAL** |

**NOTICE IS HEREBY GIVEN** that Portside Growth & Opportunity Fund, Smithfield

Fiduciary LLC, and Citadel Equity Fund Ltd. (collectively, the "**Senior Noteholders**" or the

"**Appellants**"), holders of the 7 3/4 % Senior Subordinated Debentures Due 2005 issued by the

above-captioned Debtor and Debtor in Possession SonicBlue Incorporated, hereby appeal under 28

U.S.C. § 158(a) from the Memorandum Decision and Order on Motion to Appoint a Chapter 11

Trustee, Motion to Convert Case, and Motion to Disqualify Pillsbury Winthrop Shaw Pittman LLP

and for Disgorgement of Attorneys' Fees (the "**Order**," Docket No. 2220), entered on March 26,

2007 in the above-captioned proceeding by the Honorable Marilyn Morgan, United States

Bankruptcy Judge , and the related Memorandum Decision and Order on Motion of the Senior

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1    Noteholders for Clarification, or in the Alternative, Reconsideration (the "**Order Denying**

2    **Clarification**," Docket No. 2279) , entered on May 4, 2007.[1]

3        The names of all parties to the order appealed from and the names, addresses, and facsimile

4    numbers of their respective attorneys, are attached hereto as **Exhibit A**.

5        Pursuant to 28 U.S.C. § 158(c)(1)(A), Appellants elect to have this appeal heard by the

6    United States District Court for the Northern District of California, and are concurrently filing and

7    serving a Statement of Election on all parties served with this Notice of Appeal.

DATED: May 11, 2007                         HENNIGAN, BENNETT & DORMAN LLP
                                            865 South Figueroa Street, Suite 2900
                                            Los Angeles, California 90017


                                            By: _____ /s/ J. Michael Hennigan_____
                                                    J. Michael Hennigan
                                            Counsel for Portside Growth & Opportunity
                                            Fund, Smithfield Fiduciary LLC, and Citadel
                                            Equity Fund Ltd.

---

[1]  The Senior Noteholders filed a timely motion for clarification, or in the alternative, for leave to file a motion for reconsideration of the Order on April 4, 2007 (Docket No. 2231), which motion was denied by this Court on May 4, 2007 (Docket No. 2279).

- 2 -

NOTICE OF APPEAL

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1

2

Re: SONICblue, Inc.
3     03-51775-MM

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        CERTIFICATE OF MAILING

11

12         I, the undersigned, a regularly appointed and qualified clerk in the office of the Northern
District of California, San Jose, California, hereby certify:
13

        That I, in the performance of my duties as such Clerk, served a copy of the **Notice of Appeal**
14 by depositing it in the regular United States mail at San Jose, California on the date shown below, in
a sealed envelope bearing the lawful frank of the United States Bankruptcy Court addressed as listed
15 below.

16

17 US District Court                        US Trustee
280 S First Street, 2nd Fl.             280 S First Street Room 268
18 San Jose, CA 95113                San Jose, CA 95113
19
See Attached Service List for the balance

20

21

22

23 Dated:  May 14, 2007

24                               /S/

25                          Janet Dustin, Deputy Clerk

26

27

28

*(left margin, vertical text)* UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

                                    1

**Certificate of Mailing.wpt**

<u>**SERVICE LIST**</u>

Craig A. Barbarosh
Mark D. Houle
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626

Sue J. Hodges
Pillsbury Winthrop Shaw Pittman LLP
12255 El Camino Real, Suite 300
San Diego, CA 92130

Albert Boro
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105

William B. Freeman
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017

Edwina E. Dowell, Assistant US Trustee
Nanette Dumas
Shannon L. Mounger-Lum
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113

Frank A. Merola
K. John Shaffer
Gina Najolia
Stutman, Treister & Glatt PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

William McGrane
Bernard S. Greenfield
McGrane Greenfield LLP
One Ferry Building, Suite 220
San Francisco, CA 94111

Ron Bender
Craig M. Rankin
Todd M. Arnold
Levene, Neale, Bender, Rankin & Brill
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

James L. Lopes
Steven E. Schon
Bernard A. Burk
Howard Rice Nemerovski Canady
    Falk & Rabkin
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111

John M. Grenfell
Ana N. Damonte
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105

Cecily A. Dumas
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105

Grant T. Stein
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

Richard A. Rogan
Nicholas De Lancie
Jennifer S. Coleman
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111

Henry C. Kevane
Kenneth H. Brown
Pachulski Stang Ziehl Young Jones &
    Weintraub LLP
150 California Street, 15th Floor
San Francisco, CA 94111

Robert A. Franklin
Murray & Murray
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014

Lawrence M. Schwab
Patrick M. Costello
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, CA 94306

Suzzanne S. Uhland
David R. Eberhart
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111

Austin K. Barron
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Steven J. Johnson
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA  94304

Scott H. McNutt
McNutt & Litteneker LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105

Bruce MacIntyre
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

HENNIGAN, BENNETT & DORMAN LLP
J. MICHAEL HENNIGAN (SBN 59491)
THOMAS B. WATSON  (SBN 181546)
JOSHUA M. MESTER  (SBN 194783)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone    (213) 694-1200
Facsimile     (213) 694-1234

Counsel for Portside Growth & Opportunity Fund, Smithfield
Fiduciary LLC, and Citadel Equity Fund Ltd.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SONICBLUE INCORPORATED, a Delaware corporation; DIAMOND MULTIMEDIA SYSTEMS, INC., a Delaware corporation; REPLAYTV, INC., a Delaware corporation; and SENSORY SCIENCE CORPORATION, a Delaware corporation<br><br>      Debtors and Debtors in Possession. | Case No.  03-51775 MM<br><br>Chapter 11<br><br>(Case Nos.  03-51775; 03-51776, 03-51777 and 03-51778 MM (Jointly Administered)<br><br>**STATEMENT OF ELECTION** |

Pursuant to 28 U.S.C. § 158(c)(1)(A) and Rule 8001(e) of the Federal Rules of Bankruptcy Procedure, Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. (collectively, the "**Senior Noteholders**" or the "**Appellants**"), holders of the 7 3/4 % Senior Subordinated Debentures Due 2005 issued by the above-captioned Debtor and Debtor in Possession SonicBlue Incorporated, hereby elect to have the United States District Court for the Northern District of California hear the Senior Noteholders' appeal from the Memorandum Decision and Order on Motion to Appoint a Chapter 11 Trustee, Motion to Convert Case, and Motion to Disqualify Pillsbury Winthrop Shaw Pittman LLP and for Disgorgement of Attorneys' Fees (the "**Order**," Docket No. 2220), entered on March 26, 2007 in the above-captioned proceeding by the Honorable Marilyn Morgan, United States Bankruptcy Judge, and the related Memorandum

- 1 -

1    Decision and Order on Motion of the Senior Noteholders for Clarification, or in the Alternative,

2    Reconsideration (the "**Order Denying Clarification**," Docket No. 2279) , entered on May 4, 2007.[1]

6    DATED:  May 11, 2007

7                                                                                HENNIGAN, BENNETT & DORMAN LLP
8                                                                                865 South Figueroa Street, Suite 2900
                                                                                   Los Angeles, California 90017

10                                                                              By: _____/s/ J. Michael Hennigan_____
                                                                                                   J. Michael Hennigan
11                                                                              Counsel for Portside Growth & Opportunity
                                                                                   Fund, Smithfield Fiduciary LLC, and Citadel
12                                                                              Equity Fund Ltd.

---

27   [1]  The Senior Noteholders filed a timely motion for clarification, or in the alternative, for leave to
28   file a motion for reconsideration of the Order on April 4, 2007 (Docket No. 2231), which motion
      was denied by this Court on May 4, 2007 (Docket No. 2279).

- 2 -
STATEMENT OF ELECTION



Entered on Docket
May 04, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed May 04, 2007

Marilyn Morgan

Marilyn Morgan
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

**SONICBLUE INCORPORATED,
DIAMOND MULTIMEDIA SYSTEMS,
INC., REPLAYTV, INC., and SENSORY
SCIENCE CORPORATION,**

Debtors.

Cases No. 03-51775, 03-51776,
03-51777, and 03-51778-MM

Chapter 11 cases
Jointly administered

**MEMORANDUM DECISION AND
ORDER ON MOTION OF
SENIOR NOTEHOLDERS FOR
CLARIFICATION, OR IN THE
ALTERNATIVE, RECONSIDERATION**

Let there be no doubt that the words and findings of my Memorandum Decision of March 26, 2007 were carefully selected to respond to the issues then before the court, which were whether to appoint a chapter 11 trustee pursuant to § 1104, whether to convert the case to chapter 7, and whether to disqualify counsel for the debtor. The findings made in support or denial of those motions must be understood in context. After considering the argument of counsel and the record before me, the motion for clarification, or in the alternative, reconsideration by Portside Growth & Opportunity Fund Ltd., Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. (previously described as the "senior debtholders," "senior bondholders" or "senior noteholders," but hereinafter "senior noteholders") is denied as explained below.

1

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1.   **Noting a Distinction Between a Right to Payment and a Claim for Compensation, the Joint Venture Agreement Expressly Grants VIA a Claim for Compensation Upon Breach**.

Article 5.6(a) of the joint venture agreement expressly provides that both VIA and the joint venture are entitled to be compensated for damages resulting from loss of the Intel license.   The preamble to Article 5.6(a) reads in pertinent part that:  "If JV is Enjoined from Utilizing the Intel License . . . , then the following liquidated damages shall apply *to compensate JV and VIA for any and all losses they may suffer as a result thereof*. . . .  (Emphasis added.)   The senior noteholders conveniently omitted in their motion the phrase "to compensate JV and VIA for any and all losses they may suffer as a result thereof . . . ," replacing it with ellipses in a manner that is misleading to the reader.

Article 5.6(a) makes a distinction between the right to be compensated for losses suffered and the right to receive a distribution of damages for those losses.   While it provides that damages are *payable* to the joint venture, it states unambiguously that VIA, as well as the joint venture, is entitled to compensation for losses resulting from an inability to use the Intel cross-license.   As noted, the distinction is meaningful because the determination whether VIA is entitled to priority turns on whether it has a claim against SONICblue.   More importantly, whether VIA has a claim may affect the amount of the distributions to the senior noteholders absent subordination by VIA.

The term "claim" is broadly defined in § 101(5), is not limited to rights to payment, but includes rights to an equitable remedy for breach of performance.   In fact, VIA asserted a claim in this case.   Modification of the decision at the senior noteholders' request for purposes of clarification on this point is unwarranted.

2.   **The Senior Noteholders Appear Not to Have Disclosed Significant Information to the Committee Notwithstanding its Unusually High Level of Involvement**.

The senior noteholders object to the characterization that they inserted themselves into the VIA litigation, that they had a hidden agenda, and that their counsel, Bruce Bennett,  operated in the shadows.   However, it was not apparent until SONICblue's litigation counsel, Albert J. Boro, Jr., filed his declaration on March 5, 2007 that the senior noteholders were involved at the highest levels of strategy development and settlement negotiations in the VIA litigation.   Bennett was consulted with

2

MEMO. DECISION AND ORDER ON MOTION FOR CLARIFICATION

1   respect to proposed settlement terms even when committee counsel was not contacted.  Yet, the senior

2   noteholders were not a party to the VIA adversary proceeding and did not file their own objections to

3   the claims of VIA and S3 Graphics.  While standing to participate is not at issue, it is unusual for non-

4   parties to be involved to the degree that the senior noteholders were.

5       At the disclosure statement hearing held January 23, 2007, it became apparent that the senior

6   noteholders had not revealed to committee counsel, Ron Bender, that the VIA settlement contained a

7   waiver by VIA of senior indebtedness status or that the waiver would directly benefit the senior

8   noteholders, who were members of the committee.  Based on the concerns of a taint raised by the claims

9   traders, I directed Bender to conduct an investigation of the settlement negotiations and how the waiver

10  provision was inserted into the VIA settlement.  The following exchange highlights the problem:

|   |   |
|---|---|
| The Court: | So you're saying that even at the time that the agreement was approved, the Committee was not aware of this provision? |
| Mr. Bender: | Not aware, not focused, or any of the like. Now I don't want to mislead the Court. It's my responsibility to read a document. The document does say that Via agrees that its claim is not senior indebtedness, but I would have no reason to focus on it being an important point. |

15  Bennett, as counsel for the senior noteholders, attended the January 23 hearing by telephone.

16  Thereafter, Bender filed a twenty-three page Preliminary Status Report on February 12, 2007 regarding

17  his investigation.  From reviewing that report, it does not appear that Bennett ever volunteered relevant

18  information despite the ongoing investigation and Bender's active efforts to pursue answers.  At a time

19  when Bender was seeking transparency and making inquiries of other parties as to their motivations,

20  Bennett and his clients did not come forward.

21      When further facts came to light on February 15, 2007 prompting the motions to appoint a

22  chapter 11 trustee, to convert the case, and to disqualify debtor's general bankruptcy counsel, I set these

23  motions for hearing on March 19, 2007.  Bennett himself acknowledged on March 19 that the hearing

24  was the first time that he had personally addressed the court in this case.  Even then, however, Bennett

25  did not reveal his role in securing the waiver provision that arguably benefitted his clients' interests at

26  the expense of the unsecured creditor class.  More significantly, Bennett apparently never disclosed to

27  the committee or Bender the senior noteholders' potential conflict in connection with the subordination

28  provisions of the senior indenture, of which Bennett was acutely aware.  That debtor's counsel may have

---

3

**MEMO. DECISION AND ORDER ON MOTION FOR CLARIFICATION**

1    been aware of the subordination provision in the senior indenture and the waiver of senior status in the

2    VIA settlement is of no moment for purposes of this motion for clarification. The appearance of

3    concealment by the senior noteholders and Bennett was one of the grounds for the appointment of a

4    trustee. For the reasons stated, the motion for clarification or reconsideration on this point is also

5    denied.

6        At the hearing on this motion, much emphasis was placed on who knew what when, posturing

7    for the benefit of the trustee, and putting spin on a bad situation. However, it is incumbent on all

8    interested parties not to lose sight of the big issues necessary to move this case forward: what to do

9    about the fact that there was no meaningful disclosure of the effect of VIA's waiver of priority, and how

10    to revise the disclosure statement and plan in order to provide a reasonably prompt distribution to

11    creditors. There will be time later to focus attention on the conduct of the attorneys and fiduciaries

12    involved.

13        Good cause appearing, IT IS SO ORDERED.

14

15                        * * * END OF ORDER * * *

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO. DECISION AND ORDER ON MOTION FOR CLARIFICATION

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

1  Case No. 03-51775-MM

2                                    **SERVICE LIST**

3

4    CRAIG A BARBAROSH                      BRUCE BENNETT
     PILLSBURY WINTHROP LLP                 HENNIGAN BENNETT & DORMAN LLP
5    650 TOWN CENTER DRIVE 7TH FLOOR        865 SOUTH FIGUEROA ST SUITE 2900
     COSTA MESA CA 92626-7122               LOS ANGELES CA 90017
6

7

8    RON BENDER                            NANETTE DUMAS
     LEVENE NEALE BENDER RANKIN &          OFFICE OF THE UNITED STATES
9    BRILL LLP                             TRUSTEE
     1801 AVENUE OF THE STARS STE 1120     280 SOUTH FIRST ST SUITE 268
10   LOS ANGELES CA 90067                  SAN JOSE CA 95113-0002

11   K JOHN SHAFFER                        BERNARD BURK
     STUTMAN TRIESTER & GLATT PC           HOWARD RICE NEMEROVSKI CANADY
12   1901 AVENUE OF THE STARS 12TH FL      FALK & RABKIN
     LOS ANGELES CA 90067                  3 EMBARCADERO CENTER 7TH FLOOR
13                                         SAN FRANCISCO CA 94111-4024

14

15   DENNIS J CONNOLLY                     GRANT STEIN
     ALSTON& BIRD LLP                      ALSTON& BIRD LLP
16   1201 WEST PEACHTREE STREET            1201 WEST PEACHTREE STREET
     ATLANTA GA 30309                      ATLANTA GA 30309

17

18   CECILY A DUMAS
     FRIEDMAN DUMAS & SPRINGWATER
19   LLP
     150 SPEAR STREET SUITE 1600
     SAN FRANCISCO CA 94105

20

21

22

23

24

25

26

27

28

*UNITED STATES BANKRUPTCY COURT*
*For The Northern District Of California*

MEMO.  DECISION AND ORDER ON MOTION FOR CLARIFICATION

Entered on Docket
March 26, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed March 26, 2007

Marilyn Morgan
**Marilyn Morgan**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

**SONICBLUE INCORPORATED, DIAMOND MULTIMEDIA SYSTEMS, INC., REPLAYTV, INC., and SENSORY SCIENCE CORPORATION,**

        Debtors.

Cases No. 03-51775, 03-51776, 03-51777, and 03-51778-MM

Chapter 11 cases
Jointly administered

**MEMORANDUM DECISION AND ORDER ON MOTION TO APPOINT A CHAPTER 11 TRUSTEE, MOTION TO CONVERT CASE, AND MOTION TO DISQUALIFY PILLSBURY WINTHROP SHAW PITTMAN LLP AND FOR DISGORGEMENT OF ATTORNEYS' FEES**

### INTRODUCTION

When claims traders entered this case and started asking hard questions, circumstances came to light that implicated at least debtor's counsel, committee counsel and certain members of the committee, and resulted in the complete breakdown of creditor confidence. The genesis of the problem arose from the pre-petition issuance of an opinion letter, undisclosed by debtor's counsel, assuring payment to certain bondholders who effectively controlled the creditors' committee. Years later, when debtor's counsel objected to these bondholders' claims because of an original issue discount approximating $43

1

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  million, the bondholders demanded indemnification from the law firm. The problem was compounded

2  when debtor's counsel attempted to solve its disabling conflict by "handing off" these claims objections

3  to committee counsel, who accepted the awkward assignment. Incredibly, these same bondholders

4  somehow were also able to insert a provision in the settlement of estate litigation without disclosing that

5  it arguably may provide them with millions more in distributions, at the expense of general unsecured

6  creditors.

7      A more complete statement of the background is set forth below in the analysis of the motions

8  by the United States Trustee to disqualify Pillsbury Winthrop Shaw Pittman LLC as counsel for the

9  debtor and for disgorgement of attorneys' fees, its motion for the appointment of a chapter 11 trustee,

10  and the motion of SONICblue Claims, LLC for conversion of the case to one under chapter 7. For the

11  reasons explained, the motion for disqualification is granted, and the court finds that the appointment

12  of a chapter 11 trustee is warranted as being in the best interests of the creditors and other interested

13  parties.

14

15                          **FACTUAL BACKGROUND**

16                          *Formation of Joint Venture*

17      SONICblue Incorporated and three operating subsidiaries, Diamond Multimedia Systems, Inc.,

18  ReplayTV, Inc., and Sensory Science Corporation (collectively, SONICblue), designed and marketed

19  consumer electronic products. Pillsbury Winthrop Shaw Pittman LLP ("PWSP") served as

20  SONICblue's longtime general corporate and litigation counsel. On January 3, 2001, SONICblue

21  formed S3 Graphics Co., Ltd., a joint venture with VIA Technologies, Inc., to operate SONICblue's

22  graphics chip business. Among the assets that SONICblue contributed to the joint venture was its

23  graphics intellectual property, specifically including rights under a 1998 patent cross-license with Intel

24  Corporation. The rights to use Intel's graphics patents were so important that the joint venture

25  agreement included a liquidated damages clause at article 5.6 entitling the joint venture and VIA each

26  to damages of up to $70 million if the joint venture were ever enjoined from using the Intel cross-

27  license. From the inception of the joint venture, there were serious disputes, including the threat of

28  litigation, between SONICblue and VIA. In the context of settlement proposals in 2002, the parties

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

2

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

1    negotiated a $15 million loan from VIA to SONICblue. However, neither a settlement nor the loan were

2    consummated pre-petition.

3    *Issuance of Senior Debentures and Related Opinion Letter by PWSP*

4        In April 2002, SONICblue raised financing in a private placement issuance of $75 million in

5    7¾% senior secured subordinated convertible debentures. Three institutional bondholders, Portside

6    Growth & Opportunity Fund Ltd., Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd., acquired

7    the senior debentures at a discount for $62.5 million. The senior debentures were also partially secured

8    by SONICblue's interest in shares of United Microelectronic Corporation ("UMC"), a Taiwanese

9    company. Importantly, the indenture provided for the subordination of the senior debentures to certain

10   obligations at Section 4.1:

11           The payment of the principal of, premium, if any, and interest on all Debentures
    . . . issued hereunder shall, to the extent and in the manner hereinafter set forth, be

12   subordinated and subject in right of payment to the prior payment in full of all Senior
    Indebtedness, whether outstanding at the date of this <u>Indenture</u> or thereafter incurred.

13

14   "Senior Indebtedness" was defined in Section 1.1 of the indenture:

15           "Senior Indebtedness" shall mean the principal of, premium, if any, interest on
    . . . and any other payment due pursuant to any of the following, whether outstanding on

16   the date of this <u>Indenture</u> or thereafter incurred or created:

17                     * * *

18           (g)     All indebtedness of <u>the Company</u> due and owing to Via Technologies,
    Inc. in an aggregate principal amount not to exceed $15,000,000 or the equivalent

19   thereof in any other currency of composite currency (the "Via Indebtedness");

20   Existing debentures in the amount of $100 million issued in 1996 were also subordinated to the senior

21   debentures. PWSP partner Jorge del Calvo was designated for notice purposes on the indenture on

22   behalf of SONICblue.

23       In its capacity as counsel to SONICblue, on April 22, 2002, PWSP issued to the senior

24   bondholders a written opinion as to the enforceability of the debentures. This opinion letter reads in

25   pertinent part:

26       2.    . . . Each of . . . the Purchase Agreement, the Registration Rights Agreement, the
    Indenture, the Pledge and Security Agreement and the Option Agreement, when duly

27   executed and delivered by the Buyers, will each constitute a valid and binding agreement
    of the Company, enforceable against the Company in accordance with its terms.

28

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

3

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

* * *

3.     The issuance and sale of the Debentures have been duly authorized.  Upon issuance and delivery against payment therefor in accordance with the terms of the Indenture and the Purchase Agreement, the Debentures will constitute valid and binding obligations of the Company, enforceable against the Company in accordance with their terms.

* * *

9.     . . . (b)   Our opinion in paragraph 2 above is subject to and limited by (i) the effect of applicable bankruptcy, insolvency, reorganization, fraudulent conveyance, receivership, conservatorship, arrangement, moratorium or other laws affecting or relating to the rights of creditors generally. . . .

In what may have been a scrivener's error, the bankruptcy limitation in paragraph 9 referenced only paragraph 2 and not paragraph 3 of the opinion letter.

### Chapter 11 Filing and PWSP's Bankruptcy Rule 2014 Disclosures

Just six months after the issuance of the senior debentures, SONICblue was unable to meet its maturing financial obligations and entered into a retainer agreement for PWSP to "represent it in its effort to restructure its obligations to certain of its existing . . . debt .. . . . The Firm's engagement will also include representation of SONICblue in . . . any case prosecuted under Title 11 of the United States Code . . . ."  PWSP partner Jorge Del Calvo was copied on the retainer letter.  SONICblue and the subsidiaries filed chapter 11 petitions on March 21, 2003.  While the cases are jointly administered, they have not been substantively consolidated.

On April 11, 2003, PWSP filed an employment application accompanied by a verified statement pursuant to Bankruptcy Rule 2014, which disclosed:

3.     The Firm has been engaged as the Debtors' corporate and litigation counsel since approximately 1989.   During that time, the Firm has provided legal representation to the Debtors in a variety of areas, including corporate and securities matters, mergers and acquisitions, litigation, and intellectual property matters.  The Firm has been working with the Debtors in connection with their restructuring since approximately October 25, 2002 when the Firm was retained to provide advice concerning the restructuring of the Debtor's liabilities and business operations.

The disclosure continued as follows:

6.     As discussed below, I, the Firm, and certain of its partners, counsel, and associates may have in the past represented, and may presently and likely in the future will represent creditors or stockholders of the Debtors in matters unrelated

4

to these Chapter 11 Cases. A preliminary conflicts search performed at my direction discloses that the Firm may have represented or represents entities that are involved in some capacity with one or more of the Debtors, or may have some other relationships with these entities, in matters unrelated to the Debtors. To the best of my knowledge, the Firm's relationships with these entities is as follows. . . .

However, PWSP failed to disclose its connection resulting from the issuance of the opinion letter to the senior bondholders one year earlier. It added, "The Firm will continue to monitor its relationship with the creditors and other parties in interest in these cases and, as it discovers additional information requiring disclosure, will promptly supplement this application with any appropriate disclosures." The court appointed PWSP as counsel for the debtors. Marcus Smith, the Chief Financial Officer of SONICblue, was designated its responsible individual. PWSP diligently filed supplemental disclosures on May 30, 2003, January 23, 2004, October 27, 2004, July 13, 2005, July 27, 2005, November 4, 2005, and June 5, 2006, none of which mentioned the opinion letter.

The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors on March 21, 2003. The court authorized the employment of Ron Bender of the law firm Levene, Neale, Bender, Rankin & Brill LLP ("LNBRB") as counsel for the committee on April 11, 2003. As originally constituted, the committee was comprised of eight members: Portside Growth and Opportunity Fund, Ltd., Smithfield Fiduciary LLC and Citadel Equity Fund Ltd. (collectively, the "senior bondholders"), represented by Bruce Bennett of Hennigan, Bennett & Dorman, Matsushita Kotobuki Electronics Sales of America LLC and Matsushita Kotobuki Electronics Industries, A-Max Technology Co. Ltd., Manufacturers' Service Limited, and Maxtor Corporation. In October 2003, Baltrans Logistics Inc. replaced Maxtor Corporation on the committee. After the initial months of the case, however, only the three senior bondholders and the two Matsushita companies remained active in the cases, making the senior bondholders the majority voice on the committee. Including the anticipated distribution collectable from the junior bondholders, the senior bondholders effectively control approximately two-thirds of the claims in these cases.

Projecting that they would exhaust their cash reserves by April 20, 2003, the debtors immediately sought and obtained court approval of the sales of their three operating businesses, the Go Video, ReplayTV, and Rio product lines. Thereafter, these became liquidating chapter 11 cases.

5

1   Notably, there is no functioning board of directors to whom Smith reports. The debtor holds nearly $80

2   million in funds for distribution and anticipates receiving an additional $6 million from preference

3   settlements. Secured claims have been paid in full from the proceeds of sale, and a distribution of 33%

4   to unsecured creditors is anticipated.

5   *Breach of Fiduciary Action in Connection with Issuance of the Senior Debentures*

6       On April 21, 2005, some of the junior bondholders filed a complaint in the Superior Court for

7   Santa Clara County against Smith and former officers and directors of SONICblue, Kenneth Potashner,

8   John Todd, Terry Holdt, Edward Esber, Robert Lee and James Schraith. The junior bondholder

9   plaintiffs assert claims for breach of fiduciary duty and constructive fraud in connection with the

10  issuance of the senior debentures in 2002. They assert that the defendants improperly authorized and

11  entered into the financing arrangement while SONICblue was in the zone of insolvency and hopelessly

12  unable to honor its long-term bond obligations. They further assert that by pledging its UMC stock in

13  the transaction, SONICblue rendered a significant asset unavailable to junior bondholders in a

14  liquidation. The defendants removed the complaint to this court on June 14, 2005 on the basis that they

15  may have substantial claims for contribution and indemnification against the debtor. That adversary

16  proceeding, Adv. No. 05-5338, remains pending, though inactive.

17  *VIA Litigation and Settlement Negotiations*

18      VIA and S3 Graphics filed duplicate proofs of claim for $70 million each on July 17, 2003 based

19  on a breach of the joint venture agreement. They assert the breach was caused by the failure to pay

20  certain accounts payable, offering non-ordinary course discounts to accelerate the collection of

21  receivables, wrongful retention of receivables collected on behalf of the joint venture, and the failure

22  to contribute certain assets to the joint venture, and they assert they are also entitled to liquidated

23  damages if enjoined prospectively from the use of the Intel cross-license. SONICblue objected to the

24  claims and filed an adversary complaint for affirmative relief on December 21, 2004 asserting that VIA

25  and S3 breached the joint venture agreement by failing to pay assumed obligations, that VIA breached

26  its fiduciary duty in the operations of the joint venture and the settlement of patent litigation with Intel,

27  and that S3 aided and abetted the breach of fiduciary duty. It sought compensatory and punitive

28  damages, equitable subordination of VIA's and S3's claims, restitution, and an accounting. PWSP

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

6

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

1  represented SONICblue in the VIA/S3 litigation.

2    SONICblue engaged in concurrent litigation with Intel Corporation concerning the termination

3  or assumption of the patent cross-license and the parties' respective rights. This litigation was also

4  significant because termination of the license would arguably trigger the liquidated damages provision

5  of the joint venture agreement. Because of PWSP's prior representation of Intel, the debtor retained

6  O'Melveny & Myers LLP as special litigation counsel to represent it in the dispute with Intel.

7    The various claims in the litigation with VIA and S3 and with Intel reportedly involved complex,

8  disputed facts. The declaration of Albert Boro, a PWSP partner, sets out the following chronology

9  concerning the litigation and related settlement negotiations. Settlement discussions between

10  SONICblue and VIA and S3 began in earnest on August 11, 2005 when the parties and their counsel

11  met to discuss a proposed structure for settlement. Following the initial meeting, counsel for

12  SONICblue participated in conference calls with special litigation counsel, LNBRB as committee

13  counsel, and Bennett as counsel for the senior bondholders. Based on those discussions, Boro concluded

14  that a global settlement that included Intel was necessary and that a settlement amount of less than $25

15  million would be acceptable to the committee. Committee counsel authorized the debtor to counter with

16  a settlement offer of $6 million. Bennett, as counsel for the senior bondholders, confirmed on August

17  30, 2005 that his clients would support a $6 million counteroffer. Boro believed that the consent of the

18  senior bondholders to the terms of a settlement was essential to court approval.

19    On September 12, 2005, counsel for VIA sent to PWSP a draft settlement term sheet proposing

20  that VIA be allowed a general unsecured claim in the amount of $27.5 million. In a subsequent

21  settlement meeting among counsel held on September 15, 2005, VIA and S3 reduced their settlement

22  demand to $19 million. Bennett indicated that the senior bondholders would support a settlement of

23  only $10 million. The debtor, through Smith, authorized a $10 million counteroffer. It is unclear

24  whether the committee at large was consulted at this juncture or why debtor's counsel consulted only

25  Bennett. Counsel ultimately reached a tentative agreement as to a settlement amount of $12.5 million,

26  subject to the approval of the respective clients and of creditors. The debtor, VIA, and S3 agreed

27  immediately to the settlement amount.

28    On September 20, 2005, Bennett confirmed the senior bondholders' agreement to a $12.5 million

MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

allowed claim, provided the settlement included, *inter alia*, that the allowed claim be neither senior nor junior to other general unsecured claims.  The allowed amount of the defendants' claim appears to have been fixed by September 20, 2005.  Again, the record is unclear whether the committee participated at this stage other than through the senior bondholders.  In a conference call among counsel that same day, SONICblue accepted the settlement terms but requested language that the allowed claim be neither senior nor junior to other general unsecured claims.   There were further discussions that the allowed claim of the defendants would be a general unsecured claim, would receive an anticipated distribution in the bankruptcy case of approximately 25%, and would not have priority, yet would not be subordinated relative to other general unsecured claims.  Boro reports that counsel for VIA and S3 "posed questions about subordination of the claims of the Senior Noteholders and other creditors, and expressed concern that other creditors not unduly benefit at their clients' expense, but they nevertheless agreed that their [allowed] claim was neither senior nor junior to other general unsecured claims."

Boro's declaration reflects that at the time of the September 15, 2005 settlement meeting, he was aware that the senior bondholders were subordinated to VIA Indebtedness under the terms of the indenture.  His declaration also reflects that, prior to September 20, 2005, he had formed the belief that the VIA Indebtedness referred only to the proposed $15 million loan to SONICblue that was never made.  On September 26, 2005, counsel for SONICblue and the defendants finalized a draft of the proposed settlement term sheet, which included the following provision:

> Claimants shall jointly hold a single, allowed general unsecured claim in the Chapter 11 case of SONICblue Inc., which claim shall be afforded the benefits and priority of SONICblue's other allowed general unsecured claims and shall be neither senior nor junior to any other allowed general unsecured claim, in the amount of $12.5 million. . . .

Boro sent the proposed term sheet to Bennett and to LNBRB on September 27, 2005.  In a conference call held later that day, the committee approved the settlement terms.  Bender stated in a declaration that this proposed term sheet was the only document concerning the settlement terms that was provided to committee counsel before it received the final settlement agreement.

Finalizing the settlement between SONICblue, VIA, and S3 was delayed and made complicated by the difficulty in reaching a resolution with Intel over the parties' respective rights under the patent

8

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  cross-license. For that reason, the initial draft of a settlement agreement was not prepared until January

2  25, 2006, when SONICblue's special litigation counsel, O'Melveny & Myers, circulated a draft that

3  contained a provision dealing with VIA's allowed claim that read substantially the same as the one in

4  the September 26, 2005 term sheet. Boro stated in his declaration that, in April or early May 2006, he

5  and PWSP partner Thomas Loran proposed that the settlement agreement include language specifically

6  stating that the defendants' allowed claim was not "Senior Indebtedness" under the indenture for the

7  senior debentures. Purportedly, the reason the PWSP attorneys made the suggestion was to foreclose

8  future litigation over the priority of VIA and S3's allowed claim. They also believed that "VIA

9  Indebtedness" referred to the $15 million loan that was never made.

10  On May 12, 2006, O'Melveny & Myers circulated a revised draft of the settlement agreement

11  with the following language added:

12      Claimants and the Debtor agree that the Allowed Claim is not, and shall not be treated
as, "Senior Indebtedness" under the terms of the Debtor's Indenture, dated as of April

13      22, 2002, for the 7-¾ Secured Senior Subordinated Convertible Debentures due 2005.

14

15  VIA agreed to the language waiving "Senior Indebtedness" status on June 1, 2006. Substantially the

16  same language was included in a later revised draft circulated on June 16, 2006 and in the final

17  settlement agreement.

18                  *Objection to Claim of Senior Bondholders*

19  Since substantially all assets have been liquidated, PWSP has been prosecuting avoidance

20  actions and objections to claims. It has divided and shared the work with LNBRB, however, PWSP

21  retained the more complex litigation or litigation requiring some knowledge of the background of the

22  debtor's operations. PWSP initially examined the claims of the senior bondholders and the junior

23  bondholders. It expended 49.50 hours, incurring $23,237.50 in legal fees, to complete its analysis of

24  the senior bondholders' claims, including research on the applicability of fraudulent transfer law and

25  usury law to the transaction. Based on its analysis, it identified a significant problem with the original

26  issue discount granted the bondholders, the difference between the face amount and the amount actually

27  paid for the debentures. The senior bondholders also received other consideration in the transaction,

28  including the UMC stock, that rendered the valuation of the original issue discount more complex.

9

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

SONICblue asserts that the original issue discount constituted unamortized interest as of the petition date that is subject to disallowance under Bankruptcy Code § 502(b)(2).   On July 20, 2006, PWSP attorney Matthew Walker sent an email to Bennett setting forth his analysis of the original issue discount and asserting that the bondholders' claim may be subject to partial disallowance under § 502(b)(2) to the extent of any unmatured interest as of the petition date. Walker's analysis showed an original issue discount of $43 million. He closed with an invitation to engage in a dialogue to resolve the matter short of formal litigation.

Bennett contacted PWSP partner Craig Barbarosh on August 24, 2006 to discuss SONICblue's challenge to the bondholders' claim. He also brought to Barbarosh's attention that PWSP had issued the opinion letter to the bondholders in connection with the issuance of the debentures. Bennett asserted that the bondholders had relied on the opinion letter, which they interpreted as assuring that their claims were allowable in a subsequent bankruptcy case. He further indicated that the bondholders would demand that PWSP defend and indemnify them for any losses resulting from SONICblue's challenge to their claim. Bennett's  partner followed up on September 5, 2006 with a letter to the managing partner of PWSP demanding indemnification from PWSP for any shortfall to which the senior bondholders may be subjected as a result of SONICblue's objection to their claim.  In the letter, he indicated that to the extent the bondholders are unable to recover in the bankruptcy case the full principal amount of the debentures, they intended to pursue PWSP for negligent misrepresentation and negligence, among other claims.

Barbarosh asserts in his declaration that the telephone call on August 24, 2006 was the first time he became aware of the April 22, 2002 opinion letter. PWSP immediately contacted counsel for the committee, informed Bender of the bondholders' indemnification demand, and turned over to the committee the task of prosecution of the objection to the claims of the senior bondholders.  On September 6, 2006, it forwarded its work file containing its analysis to LNBRB. PWSP did not, however, file a supplemental Bankruptcy Rule 2014 disclosure to address the claim of the senior bondholders. When it filed its eighth interim application for compensation with the court on October 18, 2006, PWSP did address the analysis of and potential objection to the claim of the senior bondholders. However, it simply disclosed, "The matter was turned over to the Creditors' Committee

10

1  for prosecution." PWSP partner Boro asserts in his declaration that he was unaware of any potential

2  or actual claim by the senior bondholders at the time he negotiated the language concerning the priority

3  and treatment of VIA's allowed claim under the settlement between September 2005 and June 2006.

4  ### *Approval of VIA Settlement*

5  The VIA settlement agreement was filed under seal on October 10, 2006 with the debtor's

6  motion to approve the settlement. Bender asserts that LNBRB first received the settlement agreement

7  a few days before it was filed with the court. Because the settlement agreement was lengthy and

8  complex and because LNBRB had not seen any prior drafts, it requested that debtor's counsel verbally

9  walk LNBRB through the settlement agreement. In a conference call on October 4, 2006, Suzanne

10  Uhland of O'Melveny & Myers reviewed the document and the terms of the settlement agreement with

11  LNBRB partners Ron Bender and Craig Rankin. In a declaration, Bender states that there was no

12  discussion of the waiver in the settlement agreement of VIA's "Senior Indebtedness" status under the

13  indenture. He also indicated that the committee was very pleased with the settlement because it had

14  been willing to settle the litigation for $25 million. The court approved the VIA settlement on October

15  31, 2006.

16  ### *Joint Disclosure Statement and Plan and Disclosure of Indemnification Demand Against PWSP*

17  The debtors, in consultation with the committee, had determined for strategic reasons to defer

18  efforts in these cases to propose and confirm a plan of reorganization. The reasons included the

19  uncertainty posed by the significant claims of VIA and S3 on the confirmability of and distributions

20  under a plan, the potential rejection of the Intel cross-license at confirmation, giving rise to up to $70

21  million in liquidated damages, and the desire to substantively consolidate the estates under a plan after

22  the VIA litigation was settled. The committee assumed the lead role in preparing the joint disclosure

23  statement and plan. The initial disclosure statement filed on December 15, 2006 disclosed PWSP's

24  conflict as follows:

25  > However, as a result of a conflict that has been asserted by the Senior Noteholders with
26  > respect to counsel to the Debtors, the Creditors' Committee is now in charge of analyzing
>    the Senior Notes Claims.

27  Upon the objection of creditors Riverside Contracting, LLC and Riverside Claims, LLC, the

28  disclosure statement was amended on January 18, 2007, elaborating on the description of the conflict

11

MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS

as follows:

> [U]ntil recently, counsel to the Debtors was in charge of analyzing the Senior Notes Claims. As a result of the Senior Noteholders' contention that counsel to the Debtors had pre-petition issued to the Senior Noteholders an unqualified legal opinion that the Senior Notes were enforceable against the Debtors in accordance with their terms, counsel to the Debtors requested the Creditors' Committee to assume the role of analyzing the Senior Notes Claims.

Neither the first amended disclosure statement nor the prior version disclosed that the senior bondholders are members of the creditors' committee, which has been charged with objecting to the bondholders' claims. They also failed to disclose that Smith, who would continue to serve as Chief Financial Officer and Responsible Individual, was a defendant in the junior bondholders' litigation.

On January 22, 2007, creditors Riverside Contracting, LLC, Riverside Claims, LLC, and Argo Partners, Inc. objected to the first amended disclosure statement, raising for the first time before the court the waiver in the VIA settlement agreement of the "Senior Indebtedness" status to which the VIA allowed claim was arguably entitled pursuant to the senior indenture. The objecting creditors asserted that the waiver effectively diluted the distribution to unsecured creditors because VIA otherwise would have accepted an allowed claim in a lower amount. SONICblue Claims LLC ("SB Claims") is a claims trader that has acquired at least $160,000 of the claims in this case and is the successor in interest to Argo Partners. It admittedly has been interested in acquiring the VIA claim since 2006 to profit from the "Senior Indebtedness" provision of the indenture.

Bender states that the committee first learned of the issue from the objections to the disclosure statement. He, at least, had previously been unaware of the connection between the waiver of status in the VIA settlement agreement and the "Senior Indebtedness" provision in the senior indenture. With respect to the committee's involvement in the negotiation of the VIA settlement, Bender explained to the court at the disclosure statement hearing on January 23, 2007:

> The Creditors' Committee was not a party to that litigation. And there were so many complicated confidentiality agreements that the Committee wasn't even privy to the top-level of confidentiality. So all I would do and Mr. Rankin would do is we would periodically call primarily the O'Melveny lawyers . . . to get updates from her. . . . We saw that as our limited role, which is why our fees with respect to that litigation are minuscule compared to the fee in the case. . . . [T]he Committee . . . was essentially a client – we were advised that really we were likely to lose on at least the $70 million part."

12

MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS

1    This statement appears to be consistent with Bender's declaration in opposition to the motions

2    presently before the court:

> 3    While counsel to the Debtors (primarily Ms. Uhland of OMM) would periodically
> provide general status reports to LNBRB (primarily to Mr. Rankin and Ms. Wells who
> 4    were the partners at LNBRB principally in charge of dealing with the VIA/S3/Intel
> litigation) and communicate with LNBRB, and did obtain the authority of the Committee
> 5    (whose active participants at that time were the three Senior Noteholders and the two
> Matsushita entities) to settle with VIA/S3 by giving them an allowed general unsecured
> 6    claim of not more than $25 million, to the best of my knowledge, LNBRB was not a
> party to any of the confidential settlement discussions that ensued, and LNBRB was not
> 7    provided with any drafts of the actual VIA/S3 settlement agreement.

8    However, this characterization appears markedly at odds with the following statement in the

9    Seventh Interim Application of LNBRB for Approval of Fees and Reimbursement of Expenses filed

10    October 18, 2006: "LNBRB played a material role in negotiating and documenting the settlement."

11    LNBRB has also requested that the court approve $102,027.50 in legal fees incurred for services in

12    connection with the VIA litigation.

13    More than six months after the senior bondholders first asserted their claims against PWSP, and

14    only after the United States Trustee filed the motion for disqualification, PWSP filed a supplemental

15    Bankruptcy Rule 2014 disclosure on March 5, 2007 that states:

> 16    Portside Growth and Opportunity Fund, Ltd., Smithfield Fiduciary LLC and Citadel
> Equity Fund Ltd. (collectively, the "Senior Noteholders"), are holders of the 7¾% Senior
> 17    Secured Subordinated Convertible Debentures due 2005 (the "Senior Notes"). The
> Debtors scheduled the claim of the Senior Noteholders for in excess of $77 million, and
> 18    each of the three Senior Noteholders filed its own proofs of claim in unspecified amounts
> related to the Senior Notes. In connection with its Application, the Firm previously
> 19    disclosed its substantial pre-petition representation of the Debtors, including for
> corporate and securities matters. As part of that representation, the Firm represented
> 20    SONICblue in issuing the Senior Notes. As is typical in such financing transactions, the
> Firm issued a legal opinion to the Senior Noteholders. Pursuant to letter dated
> 21    September 5, 2006, counsel to the Senior Noteholders sought indemnity from the Firm
> related to the Senior Notes (the "Demand"). The Firm has rejected the Demand and
> 22    declined to provide any indemnity to the Senior Noteholders, and immediately upon
> receipt of the Demand the Firm informed counsel for the Creditors' Committee of the
> 23    Demand and turned over the analysis of all issues regarding the allowance of the Senior
> Noteholders' claims to the Committee. No lawyer in the firm who handled the financing
> 24    transaction was involved in the firm's analysis regarding the Senior Noteholders' claims.
> Whether the Demand creates any disabling conflict or renders the Firm not
> 25    "disinterested" is presently before the Court on motions filed by the U.S. Trustee.

26    PWSP submits that its failure to file this supplemental disclosure earlier was inadvertent.

27

28

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**LEGAL DISCUSSION**

I.    **The Best Interests of Creditors Mandate the Disqualification of PWSP from its Representation in the Case and the Appointment of a Chapter 11 Trustee.**

Under § 327(a) of the Bankruptcy Code, a debtor in possession may employ attorneys that do not hold an interest adverse to the estate and that are disinterested persons. Thus, to serve as debtor's counsel, counsel must be free of all conflicting interests that might impair the impartiality and neutral judgment that they are expected to exercise. *In re Bellevue Place Associates,* 171 B.R. 615, 626 (N.D. Ill. 1994). "Conflicting loyalties produce inadequate representation, which threatens the interests of the debtor, the trustee and the creditors, and compromises the ability of courts to mete out justice." *In re Tevis*, 347 B.R. 679, 689 (9th Cir. B.A.P. 2006)(discussing California state law to define "adverse interest" under § 327(a)). *See also In re Wheatfield Business Park LLC*, 286 B.R. 412, 417-418 (Bankr. C.D. Cal. 2002). The presence of an actual conflict of interest renders counsel ineligible and constitutes grounds for disqualification from further service. *See In re Plaza Hotel Corp.*, 111 B.R. 882, 889-91 (Bankr. E.D. Cal.)(chapter 11 debtor's counsel disqualified for failing to disclose dual representation of the debtor and of debtor's owner/guarantors), *aff'd*, 123 B.R. 466 (9th Cir. B.A.P. 1990). Section 1104(a)(2) of the Bankruptcy Code creates a flexible standard for appointing a trustee when it is in "the interests of the creditors, equity security holders, and other interests of the estate." *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989). It requires the court to weigh competing interests and, under appropriate circumstances, to appoint a trustee regardless of whether "cause" exists within the meaning of § 1104(a)(1). *Id.* Although the United States Trustee has moved for the appointment of a trustee both for cause under § 1104(a)(1) and in the best interests of creditors under § 1104(a)(2), it need only prove one of these two statutory bases. *Id.*

The undisputed facts establish that in April 2002, PWSP issued an opinion letter to SONICblue's senior bondholders. Six months later, SONICblue a retained PWSP as its bankruptcy counsel. In March 2003, when SONICblue filed its chapter 11 petition, PWSP submitted its statement pursuant to Fed. R. Bankr. P. 2014 to disclose its connections to "the debtor, creditors and any other interested parties." The statement did not note any connection with the senior bondholders. Aware of its ongoing duty to

14

1  disclose any conflicts and connections, PWSP filed seven supplemental Rule 2014 disclosure statements

2  through June 2006. None of these supplemental statements mentioned the 2002 opinion letter or any

3  other connection between PWSP and the three senior bondholders. Then, in late August 2006, the three

4  senior bondholders demanded indemnification from PWSP based on the 2002 opinion letter in the event

5  that objections to the bondholders' claims resulted in any losses to the bondholders. This verbal demand

6  was followed with a written demand on September 5, 2006. The next day PWSP transferred its files

7  concerning SONICblue's objections to the bondholders' claims to LNBRB. Six months later, on March

8  5, 2007, after the United States Trustee had filed motions both to appoint a trustee and to disqualify

9  PWSP, PWSP filed its eighth supplemental Rule 2014 disclosure statement that provided a detailed

10  explanation of PWSP's conflict of interest with the senior bondholders.

11      From these facts it is clear that PWSP knew it had a continuing duty to update its Rule 2014

12  disclosures upon learning of any undisclosed connections or conflicts. It is also apparent that as of late

13  August 2006, PWSP knew it had a disabling conflict of interest because it immediately sought the aid

14  of LNBRB in an attempt to resolve the conflict. Yet, PWSP failed to apprise the court of these facts.

15  PWSP's attempt to characterize its failure as inadvertent oversight rings hollow in the face of its

16  previous history of supplemental disclosures. PWSP argued in court that the partner in charge

17  "assumed" a supplemental disclosure had been made, but the firm has not offered any evidentiary

18  foundation for that assumption. The declaration of PWSP partner William Freeman indicates that

19  Freeman had signed several of the earlier supplements and that he typically delegated responsibility for

20  drafting the disclosures. There is no indication, however, that Freeman or any other PWSP partner

21  undertook responsibility, or asked someone else to assume responsibility, for preparing a supplemental

22  disclosure when the actual conflict of interest concerning the senior bondholders arose. PWSP has

23  neither offered proof of any time spent drafting the disclosure nor produced a draft of a disclosure that

24  the firm somehow failed to file. In the end, however, whether intentional or inadvertent, PWSP's failure

25  to disclose this significant and disabling conflict in any reasonable fashion mandates immediate

26  disqualification of PWSP from its representation in this case. Estate professionals must make full,

27  candid and complete disclosures of all facts affecting their eligibility for employment. *In re Plaza Hotel*

28  *Corp.*, 111 B.R. at 883, *aff'd*, 123 B.R. 466 (9th Cir. B.A.P. 1990). *See also Neben & Starrett, Inc. v.*

1   *Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995), *cert. denied*, 516

2   U.S. 1049 (1996)(affirming denial of all fees after debtor's counsel failed to fully disclose circumstances

3   surrounding payment of firm's retainer).  The Rule 2014 disclosure requirements are strictly enforced.

4   *Park-Helena*, 63 F.3d at 881-82.  Negligent omissions do not excuse failures to disclose.  *Plaza Hotel*,

5   111 B.R. at 883.  Although PWSP has offered its future service in some more limited capacity, it would

6   not be helpful because the firm's motives in this case would remain subject to attack.

7          The entirety of the undisputed facts also provides clear and convincing evidence that the

8   appointment of a chapter 11 trustee is necessary to restore creditor confidence in the bankruptcy system

9   and to assure that there is no lingering taint from PWSP's representation of the debtor.  Neither the court

10  nor the creditors may ever learn why PWSP or Smith, as debtor's responsible individual, failed to bring

11  PWSP's conflict to the court's attention.  But, that unanswered question is less important with the

12  appointment of a strong, neutral trustee, who has no connections to any interested party.

13         The presence of a trustee will also alleviate any doubts regarding Smith's role as SONICblue's

14  responsible individual.  Both the United States Trustee and SB Claims have questioned whether Smith

15  has relinquished his management responsibilities to PWSP.  As the United States Trustee pointed out,

16  Smith's services are part-time at best and SONICblue has no Board of Directors to whom Smith is

17  required to report.  Additionally, it is troubling that the Disclosure Statement filed with the court failed

18  to divulge that Smith is a defendant in a lawsuit by SONICblue's junior bondholders that alleges that

19  Smith and SONICblues' former officer and directors breached their fiduciary duties to the company

20  when they authorized the issuance of the senior debentures in 2002.  In light of these substantial

21  concerns, the appointment of a trustee is warranted.

22  **II.     It is Not in the Best Interest of Creditors to Convert This Case to Chapter 7.**

23         SB Claims has asserted that conversion to chapter 7 is preferable to the appointment of a chapter

24  11 trustee.  Althoughs SB Claims relies on several justifications for conversion, in the court's view, the

25  primary reason to convert would be to remove the influence of the creditors' committee from this case.

26  The committee and LNBRB in its filings with the court, support as its "first choice" the retention of

27  PWSP as debtor's counsel while an examiner reviews the pending allegations.  Because the facts

28  indicate at least the appearance of impropriety by the committee and LNBRB, SB Claims's concerns

16

**MEMO.  DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

1 | in this regard are substantial.

2 | During the past year and a half, SONICblue's litigation against VIA and S3 has been the main

3 | roadblock to the proposal of a plan and the conclusion of this case. The three senior bondholders were

4 | actively represented in the settlement negotiations by Bennett. At the same time, these same senior

5 | bondholders were both members and an effective majority of the committee. As committee members,

6 | the senior bondholders were and are fiduciaries that bear a duty of undivided loyalty to provide impartial

7 | service in the interests of the creditors that they represent. *In re Caldor, Inc.*, 193 BR 165, 169 (Bankr.

8 | S.D.N.Y. 1996); *In re Microboard Processing, Inc.*, 95 B.R. 283, 284 (Bankr. D. Conn 1989); *In re*

9 | *Mesta Machine Co*, 67 B.R. 151, 156 (Bankr. W.D. Pa. 1986). Because the bondholders appear to have

10 | used their position on the committee to insert themselves into the settlement negotiations without

11 | revealing a hidden agenda, they may have breached their fiduciary duty to the unsecured creditor body.

12 | Whether their motive was simply to save litigation costs for the estate by avoiding future litigation over

13 | the priority of VIA's claim, or, instead, to assure a larger return on their individual investments is not

14 | known. In fact, as Bennett noted, he had never personally appeared in court until March 19, 2007.

15 | During the four years of this case, he has operated in the shadows and, until January 23, 2007, it was

16 | not generally known to this court or the creditor body that the three senior bondholders were serving

17 | on the committee.

18 | SB Claims also expresses concern that LNBRB may have failed to fulfill its role as a watchdog

19 | on behalf of the unsecured creditors. First, it appears that LNBRB failed to independently review the

20 | settlement agreement between VIA and SONICblue. Although LNBRB asserted in its fee application

21 | that it was "intimately" involved in the VIA settlement, in court it has acknowledged that it was

22 | essentially a "client" with respect to the settlement negotiations. Similarly, in his declaration on these

23 | motions, Bender states that LNBRB received the VIA settlement agreement after it was a "done deal."

24 | Rather than review the lengthy document with fresh eyes, Bender called upon O'Melveny & Myers,

25 | SONICblue's special litigation counsel, to verbally walk through the settlement's main points. Second,

26 | when the actual conflict arose between PWSP and the senior bondholders, SB Claims points out that

27 | LNBRB accepted responsibility for prosecuting the objections to the bondholders' claims without

28 | considering its own connections to the bondholders and the fact, or at least appearance, that it might also

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  be conflicted. Professionals retained by an official committee of unsecured creditors owe fiduciary

2  duties to the committee and its constituency. *Caldor,* 193 B.R. at 170; *Matter of Celotex Corp.,* 123

3  B.R. 917, 920 (M.D. Fla. 1991); *Mesta Machine Co,* 67 B.R. at 156. This includes an obligation to

4  represent fairly the interest of the entire creditor class, not just the committee members. *In re General*

5  *Homes Corp.,* 181 B.R. 870 (Bankr. S.D. Tex. 1994); *In re EBP, Inc.,* 171 B. R. 601 (Bankr. N.D. Ohio

6  1994); *Mesta Machine Co,* 67 B.R. at 156; *Pension Benefit Guaranty Corporation v. Pincus, Verlin,*

7  *Hahn Reich & Goldstein Professional Corp.,* 42 B.R. 960, (E.D. Pa. 1984). It is not clear at this

8  juncture whether LNBRB's handling of the objections of the bondholders was an actual conflict of

9  interest, however, it is worth noting that under § 328(c), unless adequate disclosure is made and prior

10  approval of the court is obtained, committee counsel can be denied compensation if at any time during

11  the representation counsel is not a disinterested person. *Mesta Machine,* 67 B.R. at 157-158. No

12  disclosures were made and no court approval was obtained with respect to LNBRB's acceptance of the

13  claims objections referred from PWSP. Finally, SB Claims suggests, and the record does not dispel, the

14  belief that LNBRB's conduct was a self-interested act to protect its referral sources. A committee

15  controlled by the three senior bondholders hired LNBRB and, of course, has the continuing ability to

16  fire LNBRB. If not an actual conflict, these facts certainly raise questions regarding LNBRB's

17  suitability to vigorously pursue the claims objections on behalf of the estate. Moreover, the protective

18  atmosphere surrounding this close-knit referral circle is reminiscent of the "opprobrious" bankruptcy

19  ring and the cronyism that Congress decried in the legislative history of the Bankruptcy Reform Act of

20  1978. H. Rep. No. 95-595, at 6011 (Sept. 8, 1977).

21       The fact that counsel for claims traders flagged the concerns over potential improprieties or that

22  the claims traders' may be acting in their own self-interest does not detract from the troublesome nature

23  of their arguments. Nevertheless, these very significant concerns are outweighed in this case by the

24  need for the appointment of a strong and disinterested trustee.

25       There have been serious allegations that the case is being run by and for the benefit of counsel.

26  As a result, an active trustee who will formulate an independent strategy and direct its own counsel is

27  critical. It is important to this court that the United State Trustee can tap into a large pool of possible

28  trustees by conducting a nationwide search. In this way, the United States Trustee will have a far

18

MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS

1  greater opportunity to locate a strong trustee with the appropriate qualifications and without connections

2  to this case and this legal community.  Additionally, if the case remains in chapter 11, the Bankruptcy

3  Rules require, as a safeguard, that the United States Trustee's application for an order approving either

4  the appointment or the election of a trustee must include a disclosure of all the proposed trustee's

5  connections to the debtor, creditors and other parties in interest.  Fed. R. Bankr. P. Rule 2007.1(c).

6  There is no similar disclosure requirement in chapter 7.

7

8                                                    <u>CONCLUSION</u>

9          After careful review of the evidence, consideration of both oral and written argument, the court

10  concludes that the United States Trustee has satisfied its burden of establishing that PWSP must be

11  disqualified from its representation in this case and that the appointment of a chapter 11 trustee is in the

12  best interests of "creditors, any equity security holders, and other interests of the estate."  11 U.S.C.

13  § 1104(a)(2).  The issue of disgorgement of fees is reserved for a later hearing after review by the

14  appointed trustee.

15          Good cause appearing, IT IS SO ORDERED.

16

17                              **\* \* \* END OF ORDER \* \* \***

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

MEMO.  DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS

1 │ Case No. 03-51775-MM

2 │ <div align="center">**SERVICE LIST**</div>

3

4

5 CRAIG A BARBAROSH                    SUZZANNE S UHLAND
   PILLSBURY WINTHROP LLP              O'MELVENY & MYERS LLP
6 650 TOWN CENTER DRIVE 7TH FLOOR      EMBARCADERO CANTER WEST
   COSTA MESA CA 92626-7122            275 BATTERY STREET
7                                      SAN FRANCISCO CA 94111-3305

8 RON BENDER                           NANETTE DUMAS
   LEVENE NEALE BENDER RANKIN &        OFFICE OF THE UNITED STATES
9 BRILL LLP                            TRUSTEE
   1801 AVENUE OF THE STARS STE 1120   280 SOUTH FIRST ST SUITE 268
10 LOS ANGELES CA 90067                SAN JOSE CA 95113-0002

11 K JOHN SHAFFER                      HENRY KEVANE
   STUTMAN TRIESTER & GLATT PC         PACHULSKI STANG ZIEHL YOUNG
12 1901 AVENUE OF THE STARS 12TH FL    JONES & WEINTRAUB LLP
   LOS ANGELES CA 90067                150 CALIFORNIA STREET 15TH FLOOR
13                                     SAN FRANCISCO CA 94111-4500

14 BRUCE BENNETT                       BERNARD BURK
   HENNIGAN BENNETT & DORMAN LLP       HOWARD RICE NEMEROVSKI CANADY
15 865 SOUTH FIGUEROA ST SUITE 2900    FALK & RABKIN
   LOS ANGELES CA 90017                3 EMBARCADERO CENTER 7TH FLOOR
16                                     SAN FRANCISCO CA 94111-4024

17

18 PATRICK M COSTELLO                  ROBERT A FRANKLIN
   BIALSON BERGEN & SCHWAB             MURRAY & MURRAY
19 2600 EL CAMINO REAL SUITE 300       19400 STEVENS CREEK BLVD SUITE 200
   PALO ALTO CA 94306                  CUPERTINO CA 95014-2548

20

21 WILLIAM MCGRANE                     SCOTT MCNUTT
   BERNARD S GREENFIELD                MCNUTT & LITTENEKER LLP
22 MCGRANE & GREENFIELD LLP            188 THE EMBARCADERO SUITE 800
   ONE FERRY BUILDING SUITE 220        SAN FRANCISCO CA 94105
23 SAN FRANCISCO CA 94111

24 RICHARD A ROGAN
   JEFFER MANGELS BUTLER &
25 MARMARO LLP
   TWO EMBARCADERO CENTER 5TH FL
26 SAN FRANCISCO CA 94111-3824

27

28

<div style="writing-mode: vertical-rl">UNITED STATES BANKRUPTCY COURT
For The Northern District Of California</div>

<div align="center">20</div>

**MEMO. DECISION AND ORDER ON TRUSTEE, CONVERSION, DISQUALIFICATION MOTIONS**

JNTADMN, 727OBJ, PreAct, APPEAL

# U.S. Bankruptcy Court
## Northern District of California (San Jose)
## Bankruptcy Petition #: 03-51775

*Assigned to:* Judge Marilyn Morgan
Chapter 11
Voluntary
Asset

*Date Filed:* 03/21/2003

*Debtor*
**SONICblue Inc.**
2600 San Tomas Expwy.
Santa Clara, CA 95051
Tax id: 77-0204341
*dba*
**S3 Inc.**

represented by **Ana N. Damonte**
Pillsbury Winthrop Shaw Pittman
50 Fremont St. 5th Fl.
P.O. Box 7880
San Francisco, CA 94120-7880
(415) 983-1000
Email:
ana.damonte@pillsburylaw.com
*TERMINATED: 03/26/2007*

**Anne E. Wells**
Levene, Neale, Bender, Rankin and
Brill
10250 Constellation Blvd. #1700
Los Angeles, CA 90067
(310) 229-1234

**Austin K. Barron**
Law Offices of O'Melveny and
Myers
400 S Hope St.
Los Angeles, CA 90071-2899
(213) 430-6000
Email: abarron@omm.com

**Craig A. Barbarosh**
Pillsbury Winthrop Shaw Pittman
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626-7122
(714) 436-6800

**Craig A. Barbarosh**
(See above for address)
*TERMINATED: 03/26/2007*

**Elizabeth Gehlhar**



UNITED STATES BANKRUPTCY COURT
Northern District of California
I certify that this is a true, correct and full copy
of the original document on file in my custody.
Dated ⟋⟋⟋⟋⟋
by ⟋⟋⟋⟋⟋
Deputy Clerk

Heritage Law Group
99 Almaden Blvd. #710
San Jose, CA 95113
(408) 925-0144

**Mark D. Houle**
Pillsbury Winthrop Shaw Pittman
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626
(714) 436-6800
Email:
mark.houle@pillsburylaw.com
*TERMINATED: 03/26/2007*

**Mark Porter**
Law Offices of Fenwick and West
275 Battery St. #1500
San Francisco, CA 94111
(415) 875-2300
Email: mporter@fenwick.com

**Matthew A. Gold**
Argo Partners
12 W 37th St. 9th Fl.
New York, NY 10018
(212) 643-5444
Email: Tanja@argopartners.net

**Matthew S. Walker**
Pillsbury Winthrop Shaw Pittman
12255 El Camino Real #300
San Diego, CA 92130
(619) 234-5000
Email:
matthew.walker@pillsburylaw.com
*TERMINATED: 03/26/2007*

**Richard A. Rogan**
Jeffer, Mangels, Butler and
Marmaro
2 Embarcadero Center 5th Fl.
San Francisco, CA 94111-3824
(415) 398-8080
Email: rrogan@jmbm.com

*Responsible Ind*
**Marcus Smith**
2841 Mission College Blvd.
Santa Clara, CA 95054-1838

(408) 997-2179

*Trustee*
**Dennis J. Connolly**
Alston & Bird, LLP
1201 W. Peachtree St.
Atlanta, GA 30309-3424
404-881-7269

represented by **Cecily A. Dumas**
Friedman, Dumas and Springwater
150 Spear St. #1600
San Francisco, CA 94104
(415) 834-3802
Email:
cdumas@friedumspring.com

**Grant T. Stein**
Alston and Bird
1201 W Peachtree St.
Atlanta, GA 30309-3424
(404) 881-7000

*U.S. Trustee*
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

represented by **Nanette Dumas**
Office of the U.S. Trustee
280 S 1st St. #268
San Jose, CA 95113
(408) 535-5525
Email: nanette.dumas@usdoj.gov

**Shannon L. Mounger-Lum**
Office of the U.S. Trustee
280 S 1st St. #268
San Jose, CA 95113-0002
(408) 535-5525
Email:
shannon.l.mounger-lum@usdoj.gov

**Todd M. Arnold**
Levene, Neale, Bender, Rankin,
and Brill
10250 Constellation Blvd. #1700
Los Angeles, CA 90067
(310) 229-1234
Email: TMA@lnbrb.com

*Creditor Committee*
**Official Committee of Unsecured Creditor**

represented by **Anne E. Wells**
(See above for address)

**Craig M. Rankin**
Levene, Neale, Bender, Rankin and
Brill
10250 Constellation Blvd. #1700
Los Angeles, CA 90067
(310) 229-1234

Mark D. Houle
(See above for address)

**Ron Bender**
Levine, Neale and Bender
1801 Ave. of the Stars #1120
Los Angeles, CA 90067
(310) 551-1010
Email: rb@lnbrb.com

**Todd M. Arnold**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2007 | 2153 | Motion to Appoint Trustee *Chapter 11 Trustee*, or in the alternative Motion to Appoint Examimer Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette) ERROR: SHOULD HAVE BEEN DOCKETED BEFORE DOCUMENT # 2152. FOR INFORMATIONAL PURPOSES ONLY. NOT ACTION TO BE TAKEN AT THIS TIME. Modified on 2/16/2007 (jd, ). (Entered: 02/15/2007) |
| 02/15/2007 | 2154 | Certificate of Service (RE: related document(s)2153 Motion to Appoint Trustee, Motion to Appoint Examiner, 2152 Motion to Shorten Time). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 02/15/2007) |
| 02/15/2007 | 2155 | Order Not Signed Regarding Motion to Shorten Time (Related Doc # 2152) (be, ) (Entered: 02/15/2007) |
| 02/15/2007 | 2167 | Hearing Held (RE: related document(s)2140 Motion for Authority to Disclose Confidential Information to People who are not Parties to the Via/Intel Confidentiality Agreement Filed by Creditor Committee Official Committee of Unsecured Creditor (Bender, Ron)). The motion will not be decided at this time. Any motions to be filed by counsel will be heard on 3/19/07 at 10:30 a.m. (mem, ) (Entered: 02/23/2007) |
| 02/16/2007 | 2156 | Assignment of Claim #unknown To ESM Investors LTD. Filed by Creditor ESM Investors LTD . (jd, ) (Entered: 02/16/2007) |
| 02/16/2007 | 2157 | Notice of Alleged Transfer of Claim (RE: related document(s)2156 Assignment of Claim). Objections to Assignment of Claim due by 3/8/2007. (jd, ) (Entered: 02/16/2007) |

| | | |
|---|---|---|
| 02/16/2007 | ⏺2158 | Notice Regarding *Filing of: (I) Redacted Copy of Debtors' Motion for Approval of Settlement of VIA and Intel Litigation; (II) Declaration of Marcus Smith in Support of Debtors' Motion for Approval of Settlement of VIA and Intel Litigation; (III) Redacted Copy of Executed Settlement Agreement* (RE: related document(s)1952 DOCUMENT FILED UNDER SEAL: Motion for Approval of Settlement of VIA and INTEL Litigation Filed by Debtors Diamond Multimedia Systems, Inc., Multimedia Systems, Inc., REPLAYTV, Inc., SONICblue Inc., Sensory Science Corporation (tm, )). Filed by Debtor SONICblue Inc. (Attachments: # 1 Exhibit 1 - Redacted Motion# 2 Exhibit 2 - Smith Declaration# 3 Exhibit 3 - Redacted Executed Settlement# 4 Certificate of Service) (Damonte, Ana) (Entered: 02/16/2007) |
| 02/16/2007 | ⏺2159 | BNC Certificate of Mailing (RE: related document(s)2147 Order). Service Date 02/16/2007. (Admin.) (Entered: 02/16/2007) |
| 02/16/2007 | ⏺2160 | BNC Certificate of Mailing (RE: related document(s)2148 Order). Service Date 02/16/2007. (Admin.) (Entered: 02/16/2007) |
| 02/17/2007 | ⏺2161 | BNC Certificate of Mailing (RE: related document(s)2155 Order on Motion to Shorten Time). Service Date 02/17/2007. (Admin.) (Entered: 02/17/2007) |
| 02/18/2007 | ⏺2162 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2157 Notice of Alleged Transfer of Claim). Service Date 02/18/2007. (Admin.) (Entered: 02/18/2007) |
| 02/20/2007 | ⏺2163 | Motion *By United States Trustee to Disqualify Pillsbury Winthrop Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees* Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette) (Entered: 02/20/2007) |
| 02/20/2007 | ⏺2164 | Notice of Hearing (RE: related document(s)2163 Motion *By United States Trustee to Disqualify Pillsbury Winthrop Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees* Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette)). Hearing scheduled for 3/19/2007 at 10:30 AM at SanJose Courtroom 3070 - Morgan. Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette) (Entered: 02/20/2007) |
| 02/20/2007 | ⏺2165 | Certificate of Service *re Motion By United States Trustee to Disqualify Pillsbury Winthrop Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees* (RE: related document(s)2163 Motion Miscellaneous Relief). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 02/20/2007) |

| 02/20/2007 | ●2166 | Certificate of Service *Notice of Hearing on the Motion By United States Trustee to Disqualify Pillsbury Winthrop Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees* (RE: related document(s)2164 Notice of Hearing, ). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 02/20/2007) |
|---|---|---|
| 02/27/2007 | ●2168 | Amended Motion to Appoint Trustee *(Chapter 11 Trustee)* Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette) (Entered: 02/27/2007) |
| 02/27/2007 | ●2169 | Certificate of Service (RE: related document(s)2168 Motion to Appoint Trustee). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 02/27/2007) |
| 02/27/2007 | ●2170 | Hearing Held (RE: related document(s)2110 Sixth Interim Application for Compensation for Linda K. Cooper , Auditor, Fee: $21425.60, Expenses: $463.59. Filed by Auditor Linda K. Cooper (jd, ). Approved as submitted, fees of $21,425.60 and expenses of $463.59. (mem, ) (Entered: 02/27/2007) |
| 02/27/2007 | ●2171 | Motion to Convert Case to Chapter 7 Fee Amount $15 Filed by Creditor SonicBlue Claims LLC (McGrane, William) (Entered: 02/27/2007) |
| 02/27/2007 | ●2172 | Notice of Hearing (RE: related document(s)2171 Motion to Convert Case to Chapter 7 Fee Amount $15 Filed by Creditor SonicBlue Claims LLC (McGrane, William)). Hearing scheduled for 3/19/2007 at 10:30 AM at SanJose Courtroom 3070 - Morgan. Filed by Creditor SonicBlue Claims LLC (McGrane, William) (Entered: 02/27/2007) |
| 02/28/2007 | ●2173 | First Amended Motion to Convert Case to Chapter 7 Fee Amount $15 Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Certificate of Service) (McGrane, William) (Entered: 02/28/2007) |
| 02/28/2007 | ●2174 | Notice of Hearing *Re SonicBlue Claims, LLC's Amended Motion to Convert to Chapter 7* (RE: related document(s)2173 First Amended Motion to Convert Case to Chapter 7 Fee Amount $15 Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Certificate of Service) (McGrane, William)). Hearing scheduled for 3/19/2007 at 10:30 AM at SanJose Courtroom 3070 - Morgan. Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Certificate of Service) (McGrane, William) (Entered: 02/28/2007) |
| 03/01/2007 | ●2175 | Joinder *in Motion by United States Trustee to Disqualify Pillsbury Winthorp Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees [Docket Number 2163]* (RE: related document(s)2163 Motion Miscellaneous Relief). Filed by Creditor SonicBlue Claims LLC (McGrane, William) (Entered: 03/01/2007) |

| | | |
|---|---|---|
| 03/01/2007 | ●2176 | Transcript, Date of Hearing: 2-15-07 *a) Motion for Authority to Disclose Confidential Information to People Who are Not Parties to the VIA/Intel Confidentiality Agreement by Official Committee of Creditors Holding Unsecured Claims; b) Response by VIA Technologies, Inc.*. (McCall, Jo) (Entered: 03/01/2007) |
| 03/01/2007 | ●2177 | Notice of Hearing (RE: related document(s)2168 Amended Motion to Appoint Trustee *(Chapter 11 Trustee)* Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette)). Hearing scheduled for 3/19/2007 at 10:30 AM at SanJose Courtroom 3070 - Morgan. Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Mounger-Lum, Shannon) (Entered: 03/01/2007) |
| 03/01/2007 | ●2178 | Certificate of Service *Notice of Hearing on Amended Motion of United States Trustee for Appointment of Chapter 11 Trustee* (RE: related document(s)2177 Notice of Hearing, ). (Attachments: # 1 Court Mailing Matrix) (Mounger-Lum, Shannon) (Entered: 03/01/2007) |
| 03/01/2007 | ●2179 | Order Granting Application For Compensation (Related Doc # 2110). fees awarded: $21425.60, expenses awarded: $463.59 for Linda K. Cooper (jd, ) (Entered: 03/02/2007) |
| 03/05/2007 | ●2180 | Supplemental Declaration of William B. Freeman in In Support of *Application for Order Pursuant to Bankruptcy Code Section 327(a) Authorizing the Employment and Retention of Pillsbury Winthrop LLP as General Insolvency Counsel to the Debtors* (RE: related document(s)[71] Application to Employ). Filed by Debtors Diamond Multimedia Systems, Inc., REPLAYTV, Inc., SONICblue Inc., Sensory Science Corporation (Attachments: # 1 Certificate of Service) (Houle, Mark) (Entered: 03/05/2007) |
| 03/05/2007 | ●2181 | Response to *Motion to Convert Chapter 11 Case to a Case Under Chapter 7* (RE: related document(s)2173 Motion to Convert Case to Chapter 7). Filed by Creditors Citadel Equity Fund Ltd., Smithfield Fiduciary LLC, Portside Growth and Opportunity Fund (Attachments: # 1 Exhibit A (Part 1)# 2 Exhibit A (Part 2)) (Mester, Joshua) (Entered: 03/05/2007) |
| 03/05/2007 | ●2182 | Brief/Memorandum in Opposition to *U.S. Trustee's Motion to Disqualify Pillsbury, Vacate Employment Order, and Require Disgorgement of Attorneys' Fees* (RE: related document(s)2163 Motion Miscellaneous Relief). Filed by DEBTOR SONICBLUE INC., DIAMOND MULTIMEDIA SYSTEMS, INC., REPLAYTV, INC. AND SENSORY SCIENCE CORPORATION.(Attachments: # 1 Declaration of Ana N. Damonte# 2 Exhibit A to Damonte Declaration# 3 Exhibit B to Damonte Declaration# 4 Exhibit C to Damonte Declaration# 5 Exhibit D to the Damonte Declaration# 6 Exhibit E to the Damonte Declaration# 7 Exhibit E to the Damonte Declaration# 8 Exhibit G to the Damonte Declaration# 9 |

Exhibit H to the Damonte Declaration# 10 Exhibit I to the Damonte Declaration# 11 Declaration of William B. Freeman# 12 Exhibit 1 to the Freeman Declaration# 13 Exhibit 2 to the Freeman Declaration# 14 Declaration of Craig A. Barbarosh# 15 Exhibit 1 to Barbarosh Declaration# 16 Exhibit 2 to Barbarosh Declaration# 17 Exhibit 3 to the Barbarosh Declaration# 18 Exhibit 4 to the Barbarosh Declaration# 19 Declaration of Nancy B. Rapoport# 20 Exhibit 1 to Rapoport Declaration# 21 Exhibit 2 to Rapoport Declaration# 22 Exhibit 3 to Rapoport Declaration# 23 Exhibit 4 to Rapoport Declaration# 24 Exhibit 5 to Rapoport Declaration# 25 Exhibit 6 to Rapoport Declaration# 26 Exhibit 7 to Rapoport Declaration# 27 Exhibit 8 to Rapoport Declaration# 28 Declaration of Albert J. Boro, Jr.# 29 Exhibit 1 to Boro Declaration# 30 Exhibit 2 to Boro Declaration# 31 Exhibit 3 to Boro Declaration# 32 Exhibit 4 to Boro Declaration# 33 Declaration 5 to Boro Declaration# 34 Exhibit 6 to Boro Declaration# 35 Exhibit 7 to Boro Declaration# 36 Exhibit 8 to Boro Declaration# 37 Exhibit 9 to Boro Declaration# 38 Certificate of Service) (Damonte, Ana) ERROR: INCORRECT PARTY FILER SELECTED COURT CORRECTES. Modified on 3/6/2007 (jd, ). (Entered: 03/05/2007)

| 03/05/2007 | ●2183 | Certificate of Service *by ECF Electronic Notification* (RE: related document(s)2182 Opposition Brief/Memorandum,,,,,,, ). (Damonte, Ana) (Entered: 03/05/2007) |
| 03/05/2007 | ●2184 | Response to *RESPONSE OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS TO (1) THE MOTION BY THE OFFICE OF THE UNITED STATES TRUSTEE SEEKING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE AND (2) THE MOTION BY SBC SEEKING TO CONVERT THESE CHAPTER 11 CASES TO CHAPTER 7* (RE: related document(s)2173 Motion to Convert Case to Chapter 7, 2168 Motion to Appoint Trustee). Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Exhibit 1 through 5# 2 Certificate of Service) (Bender, Ron) (Entered: 03/05/2007) |
| 03/05/2007 | ●2185 | Declaration of Ron Bender in In Support of *RESPONSE OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS TO (1) THE MOTION BY THE OFFICE OF THE UNITED STATES TRUSTEE SEEKING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE AND (2) THE MOTION BY SBC SEEKING TO CONVERT THESE CHAPTER 11 CASES TO CHAPTER 7* (RE: related document(s)2173 Motion to Convert Case to Chapter 7, 2168 Motion to Appoint Trustee). Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Exhibit 1 through 5# 2 Certificate of Service) (Bender, Ron) (Entered: 03/05/2007) |
| 03/05/2007 | ●2191 | Notice of Change of Address of attorney for creditor Filed by Creditors Glenn Fuller , Benjumin G. Fuller (jd, ) (Entered: 03/09/2007) |

| 03/06/2007 | 2186 | Certificate of Service (RE: related document(s)2181 Response, ). (Mester, Joshua) (Entered: 03/06/2007) |
|---|---|---|
| 03/06/2007 | 2187 | Notice of Change of Address *of Counsel, Matthew S. Walker* Filed by Debtor SONICblue Inc. (Walker, Matthew) (Entered: 03/06/2007) |
| 03/07/2007 | 2188 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: CD LIT Digital To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) (Entered: 03/07/2007) |
| 03/07/2007 | 2189 | Order Granting Application to Compromise Controversy with (Related Doc # 2022) (jd, ) (Entered: 03/07/2007) |
| 03/08/2007 | 2190 | Reply to *Opposition to the US Trustee's Motion to Disqualify Pillsbury* (RE: related document(s)2182 Opposition Brief/Memorandum,,,,,,, ). Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Declaration of John Shaffer in Support of Reply to Opposition# 2 Declaration of Robert E. White in Support of Reply to Opposition) (McGrane, William) (Entered: 03/08/2007) |
| 03/09/2007 | 2192 | BNC Certificate of Mailing (RE: related document(s)2189 Order on Application to Compromise Controversy). Service Date 03/09/2007. (Admin.) (Entered: 03/09/2007) |
| 03/12/2007 | 2193 | Assignment of Claim # To ESM INVestors LTD. Filed by Creditor ESM Investors LTD . (jd, ) (Entered: 03/12/2007) |
| 03/12/2007 | 2194 | Notice of Alleged Transfer of Claim (RE: related document(s)2193 Assignment of Claim). Objections to Assignment of Claim due by 4/2/2007. (jd, ) (Entered: 03/12/2007) |
| 03/12/2007 | 2195 | Joinder (RE: related document(s)2168 Motion to Appoint Trustee). Filed by Creditors Riverside Claims, Riverside Contracting (Attachments: # 1 Certificate of Service) (Franklin, Robert) (Entered: 03/12/2007) |
| 03/12/2007 | 2196 | Motion *OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO APPROVE DISMISSAL OF AVOIDANCE ACTION AGAINST ISLAND DATA CORPORATION AND RIVERSIDE CONTRACTING, LLC* Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Memorandum of Points and Authorities # 2 Declaration of Marcus Smith in Support of Motion) (Arnold, Todd) (Entered: 03/12/2007) |
| 03/12/2007 | 2197 | Notice Regarding *OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE AND OPPORTUNITY FOR HEARING RE:* |

*MOTION TO APPROVE DISMISSAL OF AVOIDANCE ACTION AGAINST ISLAND DATA CORPORATION AND RIVERSIDE CONTRACTING, LLC* (RE: related document(s)2196 Motion *OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO APPROVE DISMISSAL OF AVOIDANCE ACTION AGAINST ISLAND DATA CORPORATION AND RIVERSIDE CONTRACTING, LLC* Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Memorandum of Points and Authorities # (2) Declaration of Marcus Smith in Support of Motion) (Arnold, Todd)). Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Certificate of Service) (Arnold, Todd)ERROR: INCORRECT EVENT SELECTED (THE CORRECT EVENT IS NOTICE OF OPPORTUNITY FOR HEARING) - FOR INFORMATIONAL PURPOSES ONLY, NO ACTION TO BE TAKEN AT THIS TIME. Modified on 3/13/2007 (jd, ). (Entered: 03/12/2007)

| | | |
|---|---|---|
| 03/12/2007 | 2198 | Response to *Limited Response of Via Technologies to Pending Motions to Convert, Appoint Chapter 11 Trustee and/or Disqualify Debtor's Counsel* (RE: related document(s)2173 Motion to Convert Case to Chapter 7, 2163 Motion Miscellaneous Relief, 2168 Motion to Appoint Trustee). Filed by Creditor Via Technologies, Inc. (Attachments: # 1 Certificate of Service) (Kevane, Henry) (Entered: 03/12/2007) |
| 03/12/2007 | 2199 | Reply to *Responses of the Creditors' Committee and Noteholders to Motion to Convert to Chapter 7* (RE: related document(s)2198 Response, ). Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Declaration of John Shaffer in Support of SonicBlue Claims, LLC's Reply to Responses of the Creditors' Committee and Noteholders to Motion to Convert to Chapter 7) (McGrane, William) (Entered: 03/12/2007) |
| 03/12/2007 | 2200 | Reply to (RE: related document(s)2182 Opposition Brief/Memorandum,,,,,,, ). Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Attachments: # 1 Declaration of Brian M. Martinson in Support of Reply by U. S. Trustee to Opposition of Pillsbury Winthrop Shaw Pittman LLP to UST's Motion to Disqualify Pillsbury, Vacate Employment Order, and Require Disgorgement of Attorney's Fees# 2 Exhibit A) (Dumas, Nanette) (Entered: 03/12/2007) |
| 03/12/2007 | 2201 | Certificate of Service *Reply by U. S. Trustee to Opposition of PWSP LLP to UST's Motion to Disqualify Pillsbury, Vacate Employment Order, and Require Disgorgement of Attorney's Fees* (RE: related document(s)2200 Reply, ). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 03/12/2007) |
| 03/12/2007 | 2202 | Response to *Sonicblue Claims LLC's Reply to Opposition to the U.S. Trustee's Motion to Disqualify Pillsbury* (RE: related document(s)2190 Reply, ). Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and |

| | | Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) (Entered: 03/12/2007) |
|---|---|---|
| 03/13/2007 | 2203 | Certificate of Service (RE: related document(s)2202 Response, ). (Mester, Joshua) (Entered: 03/13/2007) |
| 03/13/2007 | 2204 | Joinder *to United States Trustee's Motion for Appointment of Chapter 11 Trustee* (RE: related document(s)2168 Motion to Appoint Trustee). Filed by Creditor Maxtor Corp. (Costello, Patrick) (Entered: 03/13/2007) |
| 03/13/2007 | 2205 | Certificate of Service *by Mail* (RE: related document(s)2204 Joinder). (Costello, Patrick) (Entered: 03/13/2007) |
| 03/13/2007 | 2206 | Notice Regarding *Association of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, as Counsel for Pillsbury Winthrop Shaw Pittman LLP* Filed by Attorney Pillsbury Winthrop Shaw Pittman LLP (Attachments: # 1 Certificate of Service) (Lafferty, William) (Entered: 03/13/2007) |
| 03/14/2007 | 2207 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: Argo Partners To SonicBlue Claims LLC. Filed by Debtor SONICblue Inc.. (Gold, Matthew) (Entered: 03/14/2007) |
| 03/14/2007 | 2208 | Notice of Change of Address *Notice of Change of Firm Name and Address* Filed by Creditors Monster Cable Productions, Inc., Monster Cable Products, Inc. (Eisenbach, Robert) (Entered: 03/14/2007) |
| 03/14/2007 | 2209 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2194 Notice of Alleged Transfer of Claim). Service Date 03/14/2007. (Admin.) (Entered: 03/14/2007) |
| 03/15/2007 | 2210 | Assignment of Claim #11787 To Hain Capital Holdings, LLC From Cross Harbor Capital Partners LLC. Filed by Creditor Hain Capital Group, LLC. (Liberchuk, Ganna) (Entered: 03/15/2007) |
| 03/15/2007 | 2212 | Operating Report for Filing Period Feb. 2007 Filed by Debtor SONICblue Inc. (jd, ) (Entered: 03/16/2007) |
| 03/16/2007 | 2211 | Notice of Alleged Transfer of Claim (RE: related document(s)2210 Assignment of Claim). Objections to Assignment of Claim due by 4/5/2007. (jd, ) (Entered: 03/16/2007) |
| 03/16/2007 | 2213 | Declaration of Nanette Dumas in Support of *Amended Motion by U. S. Trustee for Appointment of Chapter 11 Trustee* (RE: related document(s)2168 Motion to Appoint Trustee). Filed by U.S. Trustee |

| | | Office of the U.S. Trustee / SJ (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service) (Dumas, Nanette) (Entered: 03/16/2007) |
|---|---|---|
| 03/16/2007 | 2214 | Application to Employ Jeffer, Mangels, Butler & Marmaro LLP as Special Counsel *to Debotrs and Debtors-In-Possession* Filed by Debtor SONICblue Inc. (Attachments: # 1 Verified Statement of Richard A. Rogan in Support of Application of Debtors and Debtors-In-Possession for an Order Authorizing the Rentention of Jeffer, Mangels, Butler & Marmaro LLP as Special Counsel# 2 Exhibit A to Verified Statement of Richard A. Rogan# 3 Certificate of Service) (Rogan, Richard) (Entered: 03/16/2007) |
| 03/18/2007 | 2215 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2211 Notice of Alleged Transfer of Claim). Service Date 03/18/2007. (Admin.) (Entered: 03/18/2007) |
| 03/19/2007 | 2218 | Hearing Held (RE: related document(s)2163 Motion By United States Trustee to Disqualify Pillsbury Winthrop Shaw Pittman LLP, to Vacate Employment Order, and for Disgorgement of Attorneys' Fees Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette), 2173 First Amended Motion to Convert Case to Chapter 7 Fee Amount $15 Filed by Creditor SonicBlue Claims LLC (Attachments: # (1) Certificate of Service) (McGrane, William), 2168 Amended Motion to Appoint Trustee (Chapter 11 Trustee) Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Dumas, Nanette)). Motions are under submission. (mem, ) (Entered: 03/21/2007) |
| 03/20/2007 | 2216 | Joint Notice of Transfer of Claim (#58) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 2 Transferor: Radio Shack(Cl. # 58, Amt. $45,000.00) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) (Entered: 03/20/2007) |
| 03/20/2007 | 2217 | Joint Notice of Transfer of Claim (#58) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 2 Transferor: Argo Partners To SonicBlue Claims LLC. Filed by Creditor SonicBlue Claims LLC. (Gold, Matthew) (Entered: 03/20/2007) |
| 03/22/2007 | 2219 | Document: *Request for Removal of Counsel, Sue J. Hodges from Master Mailing List.* Filed by Debtor SONICblue Inc. (Attachments: # 1 Certificate of Service) (Walker, Matthew) (Entered: 03/22/2007) |
| 03/26/2007 | 2220 | Memorandum Decision (RE: related document(s)2153 Motion to Appoint TrusteeMotion to Appoint Examiner filed by U.S. Trustee Office of the U.S. Trustee / SJ). (jd, ) (Entered: 03/26/2007) |
| 03/27/2007 | 2221 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: INTERGRAPH |

| | | CORPORATION(Amount $6,894.00) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew)ERROR: WRONG EVENT SELECTED (THE CORRECT EVENT IS ASSIGNMENT OF CLAIM) Modified on 3/28/2007 (jd, ).COURT ERROR: DISREGARD PREVIOUS ERROR MESSAGE. Modified on 3/28/2007 (jd, ). (Entered: 03/27/2007) |
|---|---|---|
| 03/27/2007 | 2222 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: Argo Partners To SonicBlue Claims LLC. Filed by Creditor SonicBlue Claims LLC. (Gold, Matthew)ERROR: WRONG EVENT SELECTED (THE CORRECT EVENT IS ASSIGNMENT OF CLAIM WHEN THERE IS NO SIGNED WAIVER) Modified on 3/28/2007 (jd, ). (Entered: 03/27/2007) |
| 03/28/2007 | 2223 | Notice of Alleged Transfer of Claim (RE: related document(s)2221 Joint Transfer of Claim, ). Objections to Assignment of Claim due by 4/17/2007. (jd, ) (Entered: 03/28/2007) |
| 03/28/2007 | 2224 | Notice of Alleged Transfer of Claim (RE: related document(s)2222 Joint Transfer of Claim, ). Objections to Assignment of Claim due by 4/17/2007. (jd, ) (Entered: 03/28/2007) |
| 03/28/2007 | 2225 | BNC Certificate of Mailing (RE: related document(s)2220 Memorandum Decision). Service Date 03/28/2007. (Admin.) (Entered: 03/28/2007) |
| 03/29/2007 | 2226 | Third Party Transcript, Date of Hearing: 3-19-07*a) Amended Motion to Disqualify Pillsbury Winthrop Shaw Pittman, LLP, to Vacate Employment Order, and for Disgorgement of Attorney's Fees by United States Trustee; b) Joinder in Motion by United States Trustee by SonicBlue Claims, LLC; c) Joinder in Motion by Riverside Contracting, LLC and Riverside Claims, LLC; d) Opposition to Motion by Pillsbury Winthrop Shaw Pittman, LLP; e) Reply to Opposition to U.S. Trustee's Motion to Disqualify Pillsbury by SonicBlue Claims, LLC; f) Response to SonicBlue Claims, LLC's Reply to Opposition by Portside Growth & Opportunity Fund, Smithfield Fiduciary, LLC and Citadel Equity Fund, Ltd.; g)Amended Motion for Appointment of Chapter 11 Trustee; h) Joinder to Motion for Appointment of Chapter 11 Trustee by Maxtor Corp.; i) Opposition to Motion by Debtor; j) Amended Motion to Convert to Chapter 7 by SonicBlue Claims, LLC; k) Limited Response to Motion to Convert, Appoint Chapter 11 Trustee and/or Disqualify Debtor's Counsel by Via Technologies, Inc.; l) Response to Motion to Convert by Portside Growth & Opportunity Fund, Smithfield Fiduciary, LLC, and Citadel Equity Fund, Inc.; m) Response to (g) Motion for Appointment of Chapter 11 Trustee and (i) Motion to Convert to Chapter 7 by Official Committee of Creditors Holding Unsecured Claims; n) Response to Motion to Convert to Chapter 7 by SonicBlue Claims, LLC. (McCall, Jo) (Entered: 03/29/2007)* |

| 03/30/2007 | 2227 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2223 Notice of Alleged Transfer of Claim). Service Date 03/30/2007. (Admin.) (Entered: 03/30/2007) |
|---|---|---|
| 03/30/2007 | 2228 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2224 Notice of Alleged Transfer of Claim). Service Date 03/30/2007. (Admin.) (Entered: 03/30/2007) |
| 04/02/2007 | 2229 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 2 Transferor: Varallo Inc. To Revenue Management. Filed by Creditor Revenue Management. (Minkoff, Robert) **ERROR: WRONG EVENT SELECTED THE CORRECT EVENT IS ASSIGNMENT OF CLAIM LOCATED IN CLAIM ACTION CATEGORY.** Modified on 4/3/2007 (jd, ). (Entered: 04/02/2007) |
| 04/03/2007 | 2230 | Notice of Alleged Transfer of Claim (RE: related document(s)2229 Joint Transfer of Claim, ). Objections to Assignment of Claim due by 4/23/2007. (jd, ) (Entered: 04/03/2007) |
| 04/04/2007 | 2231 | Motion *for Clarification, or in the Alternative, Leave to File a Motion for Reconsideration; Memorandum of Points and Authorities* Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) (Entered: 04/04/2007) |
| 04/04/2007 | 2232 | Notice of Hearing (RE: related document(s)2231 Motion *for Clarification, or in the Alternative, Leave to File a Motion for Reconsideration; Memorandum of Points and Authorities* Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua)). Hearing scheduled for 5/4/2007 at 11:00 AM at SanJose Courtroom 3070 - Morgan. Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) (Entered: 04/04/2007) |
| 04/04/2007 | 2233 | Certificate of Service (RE: related document(s)2232 Notice of Hearing,,, 2231 Motion Miscellaneous Relief, ). (Mester, Joshua) (Entered: 04/04/2007) |
| 04/04/2007 | 2234 | Amended Notice of Hearing (RE: related document(s)2232 Notice of Hearing (RE: related document(s)2231 Motion *for Clarification, or in the Alternative, Leave to File a Motion for Reconsideration; Memorandum of Points and Authorities* Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua)). Hearing scheduled for 5/4/2007 at 11:00 AM at SanJose Courtroom 3070 - Morgan. Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua), 2231 Motion *for Clarification, or in the Alternative,* |

*Leave to File a Motion for Reconsideration; Memorandum of Points and Authorities* Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua)). Hearing scheduled for 5/4/2007 at 11:00 AM at SanJose Courtroom 3070 - Morgan. Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) (Entered: 04/04/2007)

| 04/05/2007 | 2235 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2230 Notice of Alleged Transfer of Claim). Service Date 04/05/2007. (Admin.) (Entered: 04/05/2007) |
| --- | --- | --- |
| 04/06/2007 | 2236 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: Davidson Mandell and Menkes To Revenue Management. Filed by Creditor Revenue Management. (Minkoff, Robert) (Entered: 04/06/2007) |
| 04/09/2007 | 2237 | Notice of Alleged Transfer of Claim (RE: related document(s)2236 Joint Transfer of Claim). Objections to Assignment of Claim due by 4/30/2007. (jd, ) (Entered: 04/09/2007) |
| 04/11/2007 | 2238 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2237 Notice of Alleged Transfer of Claim). Service Date 04/11/2007. (Admin.) (Entered: 04/11/2007) |
| 04/16/2007 | 2239 | Motion to Appoint Trustee *Application for Order Approving the Appointment of Chapter 11 Trustee* Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Attachments: # 1 Declaration of Dennis J. Connolly in Support of Appointment of Dennis J. Connolly as Chapter 11 Trustee for the Bankruptcy Estate of Sonicblue Incorporated et al.# 2 Schedule 1# 3 Schedule 2# 4 Exhibit A) (Dumas, Nanette) (Entered: 04/16/2007) |
| 04/16/2007 | 2240 | Certificate of Service *Application for Order Approving the Appointment of Chapter 11 Trustee* (RE: related document(s)2239 Motion to Appoint Trustee, ). (Attachments: # 1 Notice of Electronic Filing) (Dumas, Nanette) (Entered: 04/16/2007) |
| 04/16/2007 | 2241 | Appointment of Trustee and Approval of Bond *Notice of Appointment of Chapter 11 Trustee.* (Dumas, Nanette) (Entered: 04/16/2007) |
| 04/17/2007 | 2242 | Order Granting Motion to Appoint Chapter 11 Trustee. Dennis J. Connolly added to the case. (jd, ) (Entered: 04/17/2007) |
| 04/19/2007 | 2243 | Brief/Memorandum in Opposition to *Senior Noteholders' Alternative Motions for Clarification or Reconsideration of March 26 Memorandum Opinion* (RE: related document(s)2231 Motion Miscellaneous Relief, ). |

Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Certificate of Service) (Najolia, Gina) ERROR: ATTACHMENT #3 THE CERTIFICATE OF SERVICE DOES NOT INCLUDE DEBTOR'S NAME AND CASE NUMBER. FOR INFORMATIONAL PURPOSES ONLY. Modified on 4/20/2007 (jd, ). (Entered: 04/19/2007)

| | | |
|---|---|---|
| 04/19/2007 | 2244 | BNC Certificate of Mailing (RE: related document(s)2242 Order on Motion to Appoint Trustee). Service Date 04/19/2007. (Admin.) (Entered: 04/19/2007) |
| 04/19/2007 | 2245 | Operating Report for Filing Period March 2007 Filed by Debtor SONICblue Inc. (jd, ) (Entered: 04/20/2007) |
| 04/20/2007 | 2246 | Report: *Unilateral Ninth Quarterly Report on Status of Avoidance Actions* Filed by Creditor Committee Official Committee of Unsecured Creditor (Attachments: # 1 Exhibit A# 2 Certificate of Service) (Arnold, Todd) (Entered: 04/20/2007) |
| 04/20/2007 | 2247 | Notice Regarding *Errata re SonicBlue Claims, LLC's Opposition to Senior Noteholders' Alternative Motions for Clarification or Reconsideration of March 26 Memorandum Opinion* (RE: related document(s)2243 Brief/Memorandum in Opposition to *Senior Noteholders' Alternative Motions for Clarification or Reconsideration of March 26 Memorandum Opinion* (RE: related document(s)2231 Motion Miscellaneous Relief, ). Filed by Creditor SonicBlue Claims LLC (Attachments: # (1) Exhibit 1# (2) Exhibit 2# (3) Certificate of Service) (Najolia, Gina) ERROR: ATTACHMENT #3 THE CERTIFICATE OF SERVICE DOES NOT INCLUDE DEBTOR'S NAME AND CASE NUMBER. FOR INFORMATIONAL PURPOSES ONLY. Modified on 4/20/2007 (jd, ).). Filed by Creditor SonicBlue Claims LLC (Najolia, Gina) (Entered: 04/20/2007) |
| 04/20/2007 | 2248 | Amended Brief/Memorandum in Opposition to *Senior Noteholders' Alternative Motions for Clarification or Reconsideration of March 26 Memorandum Opinion* (RE: related document(s)2243 Opposition Brief/Memorandum,, ). Filed by Creditor SonicBlue Claims LLC (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Certificate of Service) (Najolia, Gina) (Entered: 04/20/2007) |
| 04/23/2007 | 2249 | Assignment of Claim #65 To WM Trust High Yield Fund, et al. Filed by Creditor WM Trust High Yield Fund, et al.. (Duffy, Kerry) ERROR: INCOMPLETE ADDRESS FOR CREDITOR ENTERED - INCORRECT FIELDS USED FOR CREDITOR WM TRUST'S ADDRESS. COURT CORRECTED. (WE DO NOT USE THE OFFICE FIELD ON THE CREDITOR'S ADDRESS - FOR INFORMATIONAL PURPOSES ONLY). Modified on 4/24/2007 (jd, ). COURT MODIFIED DOCKET |

TEXT TO READ TO WM TRUST. Modified on 4/24/2007 (jd, ). (Entered: 04/23/2007)

| 04/23/2007 | ◕2250 | Assignment of Claim #63 To WM Trust High Yield Fund, et al.. Filed by Creditor WM Trust High Yield Fund, et al.. (Duffy, Kerry)COURT MODIFIED DOCKET TEXT TO READ TO WM TRUST. Modified on 4/24/2007 (jd, ). (Entered: 04/23/2007) |
|---|---|---|
| 04/23/2007 | ◕2251 | Assignment of Claim #62 To WM Trust High Yield Fund, et al.. Filed by Creditor WM Trust High Yield Fund, et al.. (Duffy, Kerry)COURT MODIFIED DOCKET TEXT TO READ TO WM TRUST Modified on 4/24/2007 (jd, ). (Entered: 04/23/2007) |
| 04/23/2007 | ◕2252 | Assignment of Claim #64 To WM Trust High Yield Fund, et al.. Filed by Creditor WM Trust High Yield Fund, et al.. (Duffy, Kerry) COURT MODIFIED DOCKET TEXT TO READ TO WM TRUST. Modified on 4/24/2007 (jd, ). (Entered: 04/23/2007) |
| 04/24/2007 | ◕2253 | Notice of Alleged Transfer of Claim (RE: related document(s)2249 Assignment of Claim). Objections to Assignment of Claim due by 5/14/2007. (jd, ) (Entered: 04/24/2007) |
| 04/24/2007 | ◕2254 | Notice of Alleged Transfer of Claim (RE: related document(s)2250 Assignment of Claim). Objections to Assignment of Claim due by 5/14/2007. (jd, ) (Entered: 04/24/2007) |
| 04/24/2007 | ◕2255 | Notice of Alleged Transfer of Claim (RE: related document(s)2251 Assignment of Claim). Objections to Assignment of Claim due by 5/14/2007. (jd, ) (Entered: 04/24/2007) |
| 04/24/2007 | ◕2256 | Notice of Alleged Transfer of Claim (RE: related document(s)2252 Assignment of Claim). Objections to Assignment of Claim due by 5/14/2007. (jd, ) (Entered: 04/24/2007) |
| 04/25/2007 | ◕2257 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: Major League Soccer LLC(Amount $5,000.00) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) (Entered: 04/25/2007) |
| 04/25/2007 | ◕2258 | Joint Notice of Transfer of Claim (#) and Waiver of Opportunity To Object. Transfer Agreement 3001 (e) 1 Transferor: Argo Partners To SonicBlue Claims LLC. Filed by Creditor SonicBlue Claims LLC. (Gold, Matthew) (Entered: 04/25/2007) |
| 04/26/2007 | 2259 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2253 Notice of Alleged Transfer of Claim). Service Date |

| | | 04/26/2007. (Admin.) (Entered: 04/26/2007) |
|---|---|---|
| 04/26/2007 | 2260 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2254 Notice of Alleged Transfer of Claim). Service Date 04/26/2007. (Admin.) (Entered: 04/26/2007) |
| 04/26/2007 | 2261 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2255 Notice of Alleged Transfer of Claim). Service Date 04/26/2007. (Admin.) (Entered: 04/26/2007) |
| 04/26/2007 | 2262 | BNC Certificate of Mailing - Notice of Transfer of Claim. (RE: related document(s)2256 Notice of Alleged Transfer of Claim). Service Date 04/26/2007. (Admin.) (Entered: 04/26/2007) |
| 04/27/2007 | 2263 | Reply to *of Pillsbury Winthrop Shaw Pittman LLP to Claims Traders' Opposition to Motion for Clarification* (RE: related document(s)2231 Motion Miscellaneous Relief, ). Filed by Attorney Pillsbury Winthrop Shaw Pittman LLP (Damonte, Ana) (Entered: 04/27/2007) |
| 04/27/2007 | 2264 | Certificate of Service *of Reply of Pillsbury Winthrop Shaw Pittman LLP to Claims Traders' Opposition to Motion for Clarification* (RE: related document(s)2263 Reply). (Damonte, Ana) (Entered: 04/27/2007) |
| 04/27/2007 | 2265 | Reply to */ Reply Brief in Support of Motion for Clarification, or in the Alternative, for Leave to File a Motion for Reconsideration* (RE: related document(s) 2231 Motion Miscellaneous Relief, ). Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) Modified on 4/30/2007 CORRECTIVE ENTRY: COURT REMOVED LINK TO DOCUMENT #2248, OPPOSITION BRIEF/MEMORANDUM. (be, ). (Entered: 04/27/2007) |
| 04/27/2007 | 2266 | Declaration of Joshua M. Mester in Support of *Reply Brief in Support of Motion for Clarification, or in the Alternative, for Leave to File a Motion for Reconsideration* (RE: related document(s)2265 Reply, ). Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Attachments: # 1 Exhibit A) (Mester, Joshua) (Entered: 04/27/2007) |
| 04/28/2007 | 2267 | Certificate of Service (RE: related document(s)2265 Reply,, 2266 Declaration, ). (Mester, Joshua) (Entered: 04/28/2007) |
| 05/01/2007 | 2268 | Response to *Reply of Pillsbury Winthrop Shaw Pittman LLP* (RE: related document(s)2263 Reply). Filed by Creditor SonicBlue Claims LLC (Najolia, Gina) (Entered: 05/01/2007) |

| 05/01/2007 | ●2269 | Certificate of Service (RE: related document(s)2268 Response). (Najolia, Gina) (Entered: 05/01/2007) |
|---|---|---|
| 05/02/2007 | ●2270 | Stipulation to Continue Hearing *between Official Committee of Creditors Holding Unsecured Claims and Chapter 11 Trustee to Continue Disclosure Statement Hearing* Filed by Trustee Dennis J. Connolly (RE: related document(s)2047 Disclosure Statement,, filed by Creditor Committee Official Committee of Unsecured Creditor). (Dumas, Cecily) ERROR: INCORRECTLY LINKED - COURT CORRECTED. Modified on 5/3/2007 (jd, ). (Entered: 05/02/2007) |
| 05/02/2007 | ●2271 | Application to Employ Alston & Bird LLP as Counsel to the Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Grant T. Stein in Support of Application for Employment of Alston & Bird LLP# 2 Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy rule 2016(b)) (Dumas, Cecily) (Entered: 05/02/2007) |
| 05/02/2007 | ●2272 | Application to Employ Friedman Dumas & Springwater LLP as Local Counsel to Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Cecily A. Dumas in Support of Application# 2 Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy Rule 2016(b)) (Dumas, Cecily) (Entered: 05/02/2007) |
| 05/02/2007 | ●2273 | Motion to Set Hearing *for Special Setting* (RE: related document(s)2271 Application to Employ, filed by Trustee Dennis J. Connolly, 2272 Application to Employ, filed by Trustee Dennis J. Connolly). Filed by Trustee Dennis J. Connolly (Dumas, Cecily) (Entered: 05/02/2007) |
| 05/02/2007 | ●2274 | Notice Regarding *Intended Action Re Claim Transfer Agreement Among VIA Technologies, INC. S3 Graphics Co., LTD., and SonicBlue Claims, LLC* Filed by Creditor SonicBlue Claims LLC (Greenfield, Bernard) (Entered: 05/02/2007) |
| 05/02/2007 | ●2275 | Certificate of Service (RE: related document(s)2274 Notice). (Greenfield, Bernard) (Entered: 05/02/2007) |
| 05/03/2007 | ●2276 | Order To Continue Hearing (RE: related document(s)2103 Amended Disclosure Statement filed by Creditor Committee Official Committee of Unsecured Creditor, 2047 Disclosure Statement filed by Creditor Committee Official Committee of Unsecured Creditor). Hearing to be held on 8/9/2007 at 11:00 AM SanJose Courtroom 3070 - Morgan for 2047, (jd, ) (Entered: 05/03/2007) |
| 05/03/2007 | ●2282 | Hearing Set On (RE: related document(s)2066 JOINT Motion to Approve Document (RE: related document(s)2047 Disclosure Statement, filed by |

Creditor Committee Official Committee of Unsecured Creditor). Filed by Creditor Committee Official Committee of Unsecured Creditor (. Hearing scheduled for 8/9/2007 at 11:00 AM at SanJose Courtroom 3070 - Morgan. (mem, ) (Entered: 05/07/2007)

| 05/04/2007 | 2277 | Hearing Held (RE: related document(s)2231 Motion for Clarification, or in the Alternative, Leave to File a Motion for Reconsideration; Memorandum of Points and Authorities Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua). The court will issue a written ruling. (mem, ) (Entered: 05/04/2007) |
| --- | --- | --- |
| 05/04/2007 | 2278 | Order Granting Motion to Set Hearing (Related Doc # 2273, On motions 2272, and 2271) Hearing scheduled for 6/14/2007 at 01:30 AM at SanJose Courtroom 3070 - Morgan. (jd, ) (Entered: 05/04/2007) |
| 05/04/2007 | 2279 | Memorandum Decision (RE: related document(s)2231 Motion for Clarification, or in the Alternative, Leave to File a Motion for Reconsideration filed by Creditor Portside Growth and Opportunity Fund, Creditor Smithfield Fiduciary LLC, Creditor Citadel Equity Fund Ltd.). (jd, ) (Entered: 05/04/2007) |
| 05/05/2007 | 2280 | BNC Certificate of Mailing (RE: related document(s)2276 Order to Continued Hearing, ). Service Date 05/05/2007. (Admin.) (Entered: 05/05/2007) |
| 05/06/2007 | 2281 | BNC Certificate of Mailing (RE: related document(s)2279 Memorandum Decision, ). Service Date 05/06/2007. (Admin.) (Entered: 05/06/2007) |
| 05/08/2007 | 2283 | Order Granting Application to Employ Attorney Cecily A. Dumas for Trustee Dennis J. Connolly On an Interim Basis. Added to the Case (Related Doc # 2272) (jd, ) Modified on 5/9/2007 (jd, ). (Entered: 05/08/2007) |
| 05/08/2007 | 2284 | Order Granting Application to Employ Attorney Grant T. Stein for the Trustee Dennis J. Connolly On an Interim Basis Added to the Case (Related Doc # 2271) (jd, ) (Entered: 05/09/2007) |
| 05/09/2007 | 2285 | Hearing Set On (RE: related document(s)2271 Application to Employ Alston & Bird LLP as Counsel to the Chapter 11 Trustee ). Hearing scheduled for 6/14/2007 at 01:30 PM at SanJose Courtroom 3070 - Morgan. (jd, ) (Entered: 05/09/2007) |
| 05/09/2007 | 2286 | Hearing Set On (RE: related document(s)2272 Application to Employ Friedman Dumas & Springwater LLP as Local Counsel to Chapter 11 Trustee ). Hearing scheduled for 6/14/2007 at 01:30 PM at SanJose |

Courtroom 3070 - Morgan. (jd, ) (Entered: 05/09/2007)

| 05/09/2007 | ⏺2287 | Notice of Hearing *on Trustee's Employment Applications* (RE: related document(s)2271 Application to Employ Alston & Bird LLP as Counsel to the Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Grant T. Stein in Support of Application for Employment of Alston & Bird LLP# (2) Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy rule 2016(b)) (Dumas, Cecily), 2272 Application to Employ Friedman Dumas & Springwater LLP as Local Counsel to Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Cecily A. Dumas in Support of Application# (2) Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy Rule 2016(b)) (Dumas, Cecily), 2283 Order Granting Application to Employ Attorney Cecily A. Dumas for Trustee Dennis J. Connolly On an Interim Basis. Added to the Case (Related Doc # 2272) (jd, ) Modified on 5/9/2007 (jd, )., 2284 Order Granting Application to Employ Attorney Grant T. Stein for the Trustee Dennis J. Connolly On an Interim Basis Added to the Case (Related Doc # 2271) (jd, )). Hearing scheduled for 6/14/2007 at 01:30 PM at SanJose Courtroom 3070 - Morgan. Filed by Trustee Dennis J. Connolly (Attachments: # 1 Certificate of Service) (Dumas, Cecily) (Entered: 05/09/2007) |
| --- | --- | --- |
| 05/10/2007 | ⏺2288 | Notice Regarding *Erratum in Notice of Hearing on Trustee's Employment Applications* (RE: related document(s)2287 Notice of Hearing *on Trustee's Employment Applications* (RE: related document(s)2271 Application to Employ Alston & Bird LLP as Counsel to the Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Grant T. Stein in Support of Application for Employment of Alston & Bird LLP# (2) Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy rule 2016(b)) (Dumas, Cecily), 2272 Application to Employ Friedman Dumas & Springwater LLP as Local Counsel to Chapter 11 Trustee Filed by Trustee Dennis J. Connolly (Attachments: # 1 Declaration of Cecily A. Dumas in Support of Application# (2) Statement of Attorney Compensation Pursuant to 11 U.S.C. Section 329 and Bankruptcy Rule 2016(b)) (Dumas, Cecily), 2283 Order Granting Application to Employ Attorney Cecily A. Dumas for Trustee Dennis J. Connolly On an Interim Basis. Added to the Case (Related Doc # 2272) (jd, ) Modified on 5/9/2007 (jd, )., 2284 Order Granting Application to Employ Attorney Grant T. Stein for the Trustee Dennis J. Connolly On an Interim Basis Added to the Case (Related Doc # 2271) (jd, )). Hearing scheduled for 6/14/2007 at 01:30 PM at SanJose Courtroom 3070 - Morgan. Filed by Trustee Dennis J. Connolly (Attachments: # 1 Certificate of Service) (Dumas, Cecily)). Filed by Trustee Dennis J. Connolly (Attachments: # 1 Certificate of Service) (Dumas, Cecily) ERROR: DEBTOR'S NAME AND CASE NUMBER ARE MISSING FROM ATTACHMENT #1 THE CERTIFICATE OF SERVICE. FOR INFORMATIONAL PURPOSES ONLY. Modified on 5/11/2007 (jd, ). |

| | | (Entered: 05/10/2007) |
|---|---|---|
| 05/10/2007 | ●2289 | BNC Certificate of Mailing (RE: related document(s)2283 Order on Application to Employ). Service Date 05/10/2007. (Admin.) (Entered: 05/10/2007) |
| 05/10/2007 | ●2290 | Motion to Appear Pro Hac Vice . (jd, ) (Entered: 05/11/2007) |
| 05/10/2007 | ●2291 | Order Granting Motion To Appear Pro Hac Vice (Related Doc # 2290). Attorney Grant T. Stein for Dennis J. Connolly added to the case. (jd, ) (Entered: 05/11/2007) |
| 05/11/2007 | ●2292 | Notice of Appeal to District Court , Fee Amount $ 255. (RE: related document(s)2220 Memorandum Decision, 2279 Memorandum Decision, ). Appellant Designation due by 5/21/2007. Transmission to District Court due by 6/11/2007. (Attachments: # 1 Exhibit A# 2 Certificate of Service) Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) ERROR: THERE SHOULD BE A SEPARATE NOTICE OF APPEAL FOR EACH ORDER TO BE APPEALED. Modified on 5/14/2007 (jd, ). (Entered: 05/11/2007) |
| 05/11/2007 | ●2293 | Statement of Election to District Court, (RE: related document(s)2292 Notice of Appeal, filed by Creditor Portside Growth and Opportunity Fund, Creditor Smithfield Fiduciary LLC, Creditor Citadel Equity Fund Ltd.). (Attachments: # 1 Certificate of Service) Filed by Creditors Citadel Equity Fund Ltd., Portside Growth and Opportunity Fund, Smithfield Fiduciary LLC (Mester, Joshua) (Entered: 05/11/2007) |
| 05/11/2007 | ●2294 | BNC Certificate of Mailing (RE: related document(s)2284 Order on Application to Employ). Service Date 05/11/2007. (Admin.) (Entered: 05/11/2007) |
| 05/14/2007 | ●2295 | Courts Certificate of Mailing. Number of notices mailed: 23 (RE: related document(s)2292 Notice of Appeal). (jd, ) (Entered: 05/14/2007) |
| 05/14/2007 | ●2296 | Transmittal of Record on Appeal to District Court (RE: related document(s)2292 Notice of Appeal). (jd, ) (Entered: 05/14/2007) |