1  STROOCK & STROOCK & LAVAN LLP
   Lewis Kruger (admitted *pro hac vice*)
2  Kenneth Pasquale (admitted *pro hac vice*)
   180 Maiden Lane
3  New York, New York 10038
   Telephone: (212) 806-5400
4  Facsimile: (212) 806-6006

5  STROOCK & STROOCK & LAVAN LLP
   Alan Z. Yudkowsky (State Bar No. 194994)
6  2029 Century Park East, Suite 1800
   Los Angeles, California 90067
7  Telephone: (310) 556-5800
   Facsimile: (310) 556-5959
8
   Counsel for Portside Growth & Opportunity Fund,
9  Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd.

10 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Van C. Durrer II (State Bar No. 226693)
11 Glenn Walter (State Bar No. 220015)
   300 South Grand Avenue, Suite 3400
12 Los Angeles, California 90071
   Telephone: (213) 687-5000
13 Facsimile: (213) 687-5600

14 Counsel for Citadel Equity Fund Ltd.

15
                    **UNITED STATES DISTRICT COURT**
16
                    **NORTHERN DISTRICT OF CALIFORNIA**
17
                            **SAN JOSE DIVISION**
18
   ------------------------------x
19                              :
                                : Case No. C-07-02553 RMW
20 In re                        :
                                :
21 SONICBLUE INCORPORATED, a Delaware : **EX PARTE ADMINISTRATIVE**
   corporation; DIAMOND MULTIMEDIA : **MOTION TO CONSIDER**
22 SYSTEMS, INC., a Delaware corporation; : **WHETHER CASES SHOULD BE**
   REPLAYTV, INC., a Delaware corporation; : **RELATED**
23 and SENSORY SCIENCE CORPORATION, a :
   Delaware corporation,        : [No Hearing Requested]
24                              :
          Debtors and Debtors in Possession. : Judge:   Hon. Ronald M. Whyte
25                              :
                                :
26                              :
                                :
27 ------------------------------x

28

---
Ex Parte Administrative Motion To Consider Whether Cases Should Be Related – Case No. C-07-02553 RMW

On March 21, 2003 (the "Petition Date"), SONICblue Inc. and three of its subsidiaries, ReplayTV, Inc., Sensory Science Corp., and Diamond Multimedia Systems Inc. (collectively, the "Debtors"), each commenced a Chapter 11 case (collectively, the "Chapter 11 Cases") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Northern District of California (the "Bankruptcy Court"). The Chapter 11 Cases were procedurally consolidated for administrative purposes. On the date hereof, movants Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. (collectively, the "Senior Noteholders"), pursuant to section 157(d) of title 28 of the United States Code and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, filed a motion for an order withdrawing the reference of the Chapter 11 Cases (the "Motion to Withdraw the Reference"). Pursuant to Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011-2, the Motion to Withdraw the Reference was filed with the clerk of the Bankruptcy Court for transfer to the United States District Court for the Northern District of California (the "District Court").

Two matters from the Chapter 11 Cases have been appealed to the District Court. Both matters, *In re SONICblue Inc. to et al*. (Case No. 07-02553) (the "Senior Noteholders Appeal") and *York Credit Opportunities Fund, L.P. et al. v. Dennis J. Connolly et al.* (Case No. 07-03483) (the "York Appeal") have been assigned to the Honorable Ronald M. Whyte. This Court has already ruled against appellants in the York Appeal. The Senior Noteholders Appeal is presently before this Court. The Senior Noteholders, by and through their counsel of record, hereby move this Court, pursuant to Civil Local Rule 3-12, for an order finding that the Motion to Withdraw the Reference and the Senior Noteholder Appeal are related and assigning the Motion to Withdraw the Reference to Judge Whyte.

Civil Local Rule 3-12 (a) provides in pertinent part:

> An action is related to another when:
>
> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

1

1 | Civil L. R. 3-12(a).

2 |      The Chapter 11 Trustee has moved to dismiss the Senior Noteholders Appeal. The Senior Noteholders have filed an opposition (the "Opposition") to the Motion to Dismiss as well as a related cross motion for limited stay of the Chapter 11 proceedings ("Motion for Stay") and the Motion to Withdraw the Reference. Principally at issue in each – the Senior Noteholders Appeal, the Opposition, the Motion for Stay, and the Motion to Withdraw the Reference – is the ongoing effect of a March 26, 2007 opinion and order, issued by the Bankruptcy Court that, among other things, disqualified Debtor's counsel and appointed the Chapter 11 Trustee, and a related opinion (collectively, the "Orders") issued in connection with a motion to clarify the March 26, 2007 opinion and order.

     The Senior Noteholders Appeal is concerned with, among other things, rulings contained in the Orders related to the parties' conduct in negotiation of a settlement agreement among the Debtors, VIA Technologies, Inc., S3 Graphics Co., Ltd. and Intel Corporation (the "Settlement Agreement"). The Motion to Withdraw the Reference addresses the harmful effect of the Bankruptcy Court's continued rulings based on facts on appeal in the Senior Noteholders Appeal. Given the complicated factual history surrounding the Settlement Agreement and the Chapter 11 Cases, it would clearly be an unduly burdensome duplication of labor and expense for another judge to hear the Motion to Withdraw the Reference when Judge Whyte is already familiar with the events in the Chapter 11 Cases and the Motion to Dismiss presently before the Court.

     For these reasons, the Senior Noteholders respectfully request that the Court find that the Motion to Withdraw the Reference is related to the Senior Noteholders Appeal and assign the Motion to Withdraw the Reference to Judge Whyte.

Dated: November 20, 2007

                        STROOCK & STROOCK & LAVAN LLP

                        By: /s/ Alan Z. Yudkowsky_____
                            Alan Z. Yudkowsky
                            Attorneys for Portside Growth & Opportunity
                            Fund, Smithfield Fiduciary LLC, and
                            Citadel Equity Fund Ltd.

| | |
|---|---|
| 1 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | |
| 3 | By: /s/ Glenn Walter |
|   |     Glenn Walter |
|   |     Attorneys for Citadel Equity Fund Ltd. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28