1  FRANK A. MEROLA (136934)
   K. JOHN SHAFFER (153729)
2  STUTMAN, TREISTER & GLATT PC
   1901 Avenue of the Stars, 12th Floor
3  Los Angeles, CA 90067
   Telephone:   (310) 228-5600
4  Facsimile:   (310) 228-5788

5  WILLIAM McGRANE (057767)
   BERNARD S. GREENFIELD (066017)
6  McGRANE GREENFIELD LLP
   One Ferry Building, Suite 220
7  San Francisco, CA 94111
   Telephone:   (415) 283-1776
8  Facsimile:   (415) 283-1777

9  Counsel for SonicBlue Claims, LLC

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

| | |
|---|---|
| PORTSIDE GROWTH & OPPORTUNITY FUND, et al.,<br><br>Appellants,<br><br>vs.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, et al.,<br><br>Appellees.<br><br>(Appeal from In re SONICblue, Incorporated, et al., Bankr. N.D. Cal. (San Jose), No. 03-51775 MM) | Case No. C-07-02553 RMW<br><br>EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITS ON SONICBLUE CLAIMS LLC'S OPPOSITION TO CROSS-MOTION FOR LIMITED STAY OF PROCEEDINGS |

SonicBlue Claims LLC ("SB Claims") is the plaintiff in an adversary proceeding now pending in the United States Bankruptcy Court for the Northern District of California entitled *SonicBlue Claims LLC v. Portside Growth and Opportunity Fund, et al.*, Adv. Pro. 07-05082 (the "SB Claims Adversary"), as well as the moving party with

1  respect to the two motions pending in the matter of *In re SonicBlue Incorporated*, Case
2  No. 03-51775-03-51778 (jointly administered) (the "SonicBlue Bankruptcy Case")
3  sought to be stayed by appellants herein. By their "Notice of Cross-Motion and Cross-
4  Motion for Limited Stay of Proceedings" filed herein on November 20, 2007 (the "Stay
5  Motion") appellants Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC,
6  and Citadel Equity Fund Ltd. ("Noteholders") seek to stay litigation in the Bankruptcy
7  Court that will help to determine, among other things, (i) whether the Debtors' former
8  bankruptcy counsel committed fraud on the Court by continuing to serve as counsel for
9  the bankruptcy estate in the face of material, undisclosed conflicts of interest, and (ii)
10 whether the Noteholders themselves engaged in inequitable conduct by, among other
11 things, using their self-described "controlling" position in the bankruptcy to obtain unfair
12 (and undisclosed) benefits for themselves. In short, the Noteholders seek to constrain SB
13 Claims, a significant creditor in the SonicBlue Bankruptcy Case, from taking any action
14 with respect to its claim and the adjudication of disputes regarding that claim while this
15 appeal is being pursued.
16        The Noteholders supported the Stay Motion and their opposition to a pending
17 motion to dismiss with a 35 page brief. In order to fully respond to the factual and legal
18 arguments contained in the lengthy brief in support of the Stay Motion, SB Claims
19 requests that it be allowed to file a brief of approximately 40 pages in length. By this *ex*
20 *parte* application, SB Claims seeks the order contemplated by Local Rule 7.4 (b), which
21 provides that opposition briefs shall not exceed 25 pages unless the Court "expressly
22 orders otherwise."
23        SB Claims is the holder of a $12.5 million claim in the SonicBlue Bankruptcy
24 Case. At issue in the pending motions and the SB Adversary Proceedings is the priority
25 of payment of that claim and SB Claims' right to subordinate other claims to its own. SB
26

Claims is substantially prejudiced by the Noteholders' efforts to freeze all actions with respect to its claim, and effectively bring the SonicBlue Bankruptcy Case to a standstill. There is no question that the factual and legal issues associated with such a stay are wide ranging and complex, involving multiple parties and millions of dollars. As appellants noted in their own "Ex Parte Application for Leave to Exceed Page Limit, etc.", filed herein on November 16, 2007, the decision on this motion must involve "extensive factual background…" and quotation of "critical portions of the Bankruptcy Court's opinions and hearing transcripts…" for a full explication of the issues. (*Id.* at 1:17-23.) Since it is SB Claims' rights that are sought to be frozen in time by the Noteholders, it should have a full and fair opportunity to respond in kind to the Stay Motion with the facts and evidence it believes essential to the Court's understanding of why the Bankruptcy Court's power to continue to administer the SonicBlue Bankruptcy Case should not be disturbed after four long years of proceedings.

For these reasons, SB Claims respectfully requests that the Court grant this *ex parte* application and allow SB Claims to file an opposition memorandum of points and authorities of approximately 40 pages, the same amount requested by and granted to the Noteholders.

DATED: November 30, 2007

STUTMAN, TREISTER & GLATT P.C.

McGRANE GREENFIELD LLP

By: /s/ K. John Shaffer
K. John Shaffer
Attorneys for SonicBlue Claims LLC