1  ROBERT GREENFIELD (039648)
   FRANK A. MEROLA (136934)
2  K. JOHN SHAFFER (153729)
   STUTMAN, TREISTER & GLATT PC
3  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA 90067
4  Telephone:   (310) 228-5600
   Facsimile:   (310) 228-5788
5
   WILLIAM McGRANE (057767)
6  BERNARD S. GREENFIELD (066017)
   McGRANE GREENFIELD LLP
7  40 South Market Street, Seventh Floor
   San Jose, CA 95113
8  Telephone:   (408) 995-5600
   Facsimile:   (408) 995-0308
9
   Counsel for SonicBlue Claims LLC
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

| | |
|---|---|
| PORTSIDE GROWTH & OPPORTUNITY FUND, et al., | Case No. C-07-02553 RMW |
| Appellants, | SB CLAIMS' OPPOSITION TO SUPPLEMENTAL STIPULATION BETWEEN CHAPTER 11 TRUSTEE AND THE NOTEHOLDERS TO EXTEND BRIEFING SCHEDULE AND PROVIDE FOR UNAUTHORIZED REPLY BRIEF |
| vs. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, et al., | |
| Appellees. | |
| (Appeal from In re SONICblue, Incorporated, et al., Bankr. N.D. Cal. (San Jose), No. 03-51775 MM) | [No Hearing Required] |

After an unjustified delay of more than six months, the Noteholders filed their "Notice of Cross-Motion and Cross-Motion for Limited Stay of Proceedings" [Docket No. 24] (the "Stay Request") on November 20, 2007. Consistent with

---
1

SB Claims' Opposition to Supplemental Stipulation Between chapter 11 Trustee and the
Noteholders to Extend Briefing Schedule and Provide for Unauthorized Reply Brief

Rules 8011 and 9006(a) of the Federal Rules of Bankruptcy Procedure, SonicBlue Claims ("SB Claims"), the only party that is actually prosecuting the various matters affected by the Stay Request, opposed the Stay Request seven Court days later, on November 30, 2007 [Docket No. 37]. The reconstituted Official Committee of Unsecured Creditors also timely responded by opposing the Noteholders' stay request [Docket No. 34]. No other party – including the chapter 11 trustee – chose to file a timely response.

There is no provision in Rule 8011 [governing motions on appeal from the Bankruptcy Court to the District Court] for any reply brief by the Noteholders as the moving parties. Although the heading to Rule 8011(a) includes the word "Reply," the text of that rule only provides for the filing of motions and responses in opposition. Thus the Stay Request is presently ripe for decision.

Yesterday, without previously advising either SB Claims or anyone else, the chapter 11 trustee and the Noteholders presumed to offer this Court a "Stipulation etc." [Docket No. 39] (the "Proposed Stipulation"), entry of which would effectively delay a decision on the Stay Request until at least December 17, 2007, and pursuant to which the Noteholders would be permitted to file a reply brief, despite the provisions of Rule 8011, which do not provide for one.

Contrary to the assertion in the Proposed Stipulation to the effect that "no party will be prejudiced" by entry of the Proposed Stipulation, quite the opposite is actually true. Based upon the Noteholders' arguments to this Court, it is likely that they will attempt to argue to the Bankruptcy Court that the pendency of their Stay Request somehow should, on the basis of comity with the district court, require the Bankruptcy Court to defer any action on various important matters before it, while awaiting this Court's ruling on the Stay Request. Because the Stay

1  Request is totally lacking in any merit, however, SB Claims desires a decision on
2  the Stay Request as soon as is possible.

DATED: December 4, 2007          STUTMAN TREISTER & GLATT P.C.
                                                and
                                 MCGRANE GREENFIELD LLP


                                 By   /s/ K. John Shaffer
                                         K. John Shaffer