FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number:  (415) 834-3800
Facsimile Number:  (415) 834-1044
Email Address: cdumas@friedumspring.com

ALSTON & BIRD LLP
GRANT T. STEIN
1201 West Peachtree Street
Atlanta, GA 30309
Telephone Number:  (404) 881-7000
Facsimile Number:  (404) 881-7777
Email Address: grant.stein@alston.com
(admitted *pro hac vice*)

*Attorneys for Dennis J. Connolly in His Capacity as*
*Chapter 11 Trustee for SONICblue Incorporated, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PORTSIDE GROWTH & OPPORTUNITY FUND et al., <br><br> Appellants, <br><br> vs. <br><br> OFFICIAL COMMITTEE OF UNSECURED CREDITORS et al., <br><br> Appellees. <br><br> (Appeal from In re SONICblue, Incorporated et al., Bankr. N.D. Cal. (San Jose), No. 03-51775 MM) | Case No. C-07-02553 RMW <br><br> **CHAPTER 11 TRUSTEE'S OPPOSITION TO CROSS-MOTION FOR LIMITED STAY OF PROCEEDINGS** <br><br> Date:   January 11, 2007 <br> Time:   9:00 a.m. <br> Place:  Courtroom 6, 4th Floor <br>        280 South First Street <br>        San Jose, CA  95113 <br><br> Judge:  Hon. Ronald M. Whyte |

Dennis J. Connolly, chapter 11 trustee ("Trustee") of the bankruptcy estates of SONICblue Incorporated, Diamond Multimedia Systems, Inc., ReplayTV, Inc. and Sensory Science Corporation (collectively, the "Debtors," and each individually, a "Debtor") hereby submits his Opposition to the Cross-Motion for Limited Stay of Proceedings filed by Portside

Growth & Opportunity Fund, Smithfield Fiduciary LLC and Citadel Equity Fund Ltd. (the "Senior Noteholders"), and respectfully represents as follows:

**I. INTRODUCTION**

The Senior Noteholders filed a notice of appeal on May 14, 2004 purporting to appeal certain unfavorable factual statements made by the bankruptcy court in connection with orders entered on March 26, 2007 (Memorandum Decision and Order on Motion to Appoint a Chapter 11 Trustee, Motion to convert Case, and Motion to disqualify Pillsbury Winthrop Shaw Pittman LLP and for Disgorgement of Attorneys' Fees, Bankruptcy Court Docket No. 2220) and May 4, 2007 (Memorandum Decision and Order on Motion of the Senior Noteholders for clarification, or in the Alternative, Reconsideration, Bankruptcy Court Docket No. 2279).

On June 14, 2007, the bankruptcy court stated on the record that notwithstanding its having made those factual findings in the context of disqualifying Debtors' counsel and appointing a chapter 11 trustee, none of the issues relating to the Senior Noteholders had been predetermined by the court. (Transcript of June 14, 2007 Hearing, Bankruptcy Court Docket No. 2375, at 23-24).

On October 22, 2007, the Chapter 11 trustee moved to dismiss the appeal for lack of appellate jurisdiction, as the appeal does not challenge the substance of the bankruptcy court's decisions referred to above.

On November 20, 2007, more than six months after filing the notice of appeal, the Senior Noteholders filed their cross-motion for a stay pending appeal (the "Stay Motion"). In the Stay Motion, the Senior Noteholders seek an order staying the (1) adversary proceeding filed against them by SonicBlue Claims LLC ("SB Claims") entitled *SonicBlue Claims LLC v. Portside Growth & Opportunity Fund et al.* Adversary Proceeding No. 07-05082, (2) Motion to Vacate or Modify in Part Order Approving VIA Settlement Based Upon Fraud on the Court Due to Counsel's Failure to Disclose a Material Conflict of Interest (Bankruptcy Court Docket No. 2548, and (3) Motion for Partial Relief for Order Granting Debtors' Motion

for Approval of Settlement of VIA and Intel Litigation (Bankruptcy Court Docket No. 2545). A stay is necessary, argue the Senior Noteholders, because the bankruptcy court *may rely* on the disputed factual statements in its determination of the matters pending before it. Why the Senior Noteholders believe this to be so is unclear, since the bankruptcy court specifically stated on June 14, 2007 that it had not determined these facts in connection with its prior orders.[1]

Entry of an order by this Court staying proceedings in the bankruptcy court is not warranted at this time for two principle reasons. First, the Court must determine whether it has jurisdiction over the appeal before it stays proceedings in the bankruptcy court. If the Court finds, as the Trustee submits that it should find, that the district court does not have jurisdiction to consider the unwanted factual statements made by the bankruptcy court, then the district court is likewise without jurisdiction to issue the requested order staying proceedings in the bankruptcy court. Accordingly, the Court should hear and decide the Motion to Dismiss before ruling on the Stay Motion.

Second, the Senior Noteholders have not met their burden of demonstrating that a stay may be issued. In determining whether to stay an order, the courts in the Ninth Circuit apply the standard employed when considering a motion for preliminary injunction. As discussed below, the Senior Noteholders have not, and cannot, establish that the factors necessary for the imposition of a preliminary injunction exist.

**II.  ARGUMENT**

A stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure is subject to the same determination made by the courts in determining whether to issue a preliminary injunction. *In re Lebbos*, 2007 WL 1306531 (Bankr. E.D.

---

[1] The Senior Noteholders obviously believe that a stay of the proceedings identified in the Stay Motion will not sufficiently protect their interests as, concurrently with the Stay Motion, they filed a Motion to Withdraw the Reference of the Chapter 11 Cases in their entirety. The Trustee's Motion to Dismiss, and the Senior Noteholders' Stay Motion and Motion to Withdraw the Reference are all currently scheduled to be heard before the Court on January 11, 2008. The Trustee will file a separate opposition to the Motion to Withdraw the Reference in compliance with Civ. L. R. 7-3

1  Cal.). The Ninth Circuit has articulated two alternate tests. The movant must show (1) a
2  strong likelihood of success on the merits, (2) the possibility of irreparable injury to movant if
3  preliminary relief is not granted, (3) a balance of hardships favoring the movant, and (4)
4  advancement of the public interest (in certain cases). Alternatively, the movant must
5  demonstrate either (1) both a likelihood of success on the merits and the possibility of
6  irreparable injury, or (2) the existence of serious questions going to the merits and a balance
7  of hardships tipping sharply in favor of the movant. *Solidus Networks, Inc. v. Excel
8  Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093 (9th Cir. 2007). "These
9  two formulations represent two points on a sliding scale in which the required degree of
10 probable harm increases as the probability of success decreases." *Id.* at 1093. The Senior
11 Noteholders fail to establish either test.

12       **A.    There is No Likelihood of Success on the Merits.**

13       To obtain a stay of bankruptcy court proceedings pursuant to appeal, the
14 movant needs to show a likelihood of success on the merits. The appellants say they meet
15 this requirement because "the Bankruptcy Court erroneously made certain factual findings
16 and conclusions" in the orders on appeal. Memorandum of Points and Authorities in Support
17 of Senior Noteholders' Opposition to Motion to Dismiss Appeal and Cross-Motions for
18 Limited Stay of Proceedings and/or to Withdraw Reference of Chapter 11 Cases
19 (Memorandum in Opposition") at 29. As noted above, the findings are acknowledged to be
20 non-final and subject to creation of a more complete factual record through the Trustee's
21 investigation and related litigation which likely will result in final findings of fact and
22 conclusions of law on the issues that are presently before the bankruptcy court in the SB
23 Claims Adversary Proceeding and two related motions seeking to vacate the October 31, 2006
24 Order approving the VIA Settlement. However, even if final, the bankruptcy court's findings
25 are not independently subject to appeal.

26       The appellants argue that they may appeal for reformation of a favorable
27 judgment that contains "discussion of issues" immaterial to the final outcome. The
28 Appellants cite to *Electrical Fittings Corp. v. Thomas Betts Co.*, 307 U.S. 241 (1939) and

1  *Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*, 257 F.3d 1071 (9th Cir. 2001) ("*EPIC*").  In *Electrical Fittings*, a patent infringement case, the trial court issued a judgment in favor of the defendants adjudicating the plaintiffs' patent valid but not infringed.  The defendants appealed, challenging the court's determination that the patent was valid.  Although the defendants had prevailed in the trial court, the Supreme Court allowed them to seek reformation of the decree, which "itself purports to adjudge the validity" of the plaintiffs' patent and therefore "stood as an adjudication of one of the issues litigated."  *Electrical Fittings*, 307 U.S. at 242.  Although the adjudication was immaterial to the final outcome of the case, the defendants "were entitled to have this portion of the decree eliminated," and the court of appeals had jurisdiction "not for the purpose of passing on the merits, but to direct reformation of the decree."  *Id.*

In contrast, courts find no jurisdiction to eliminate unwelcome findings where those findings are not included on the face of the judgment.  *See EPIC*, 257 F.3d at 1075 ("Here, the judgment states only, 'it is ordered and adjudged that the motion for summary judgment and/or motion to dismiss as moot filed by defendants ... is granted and this action brought by plaintiffs ... is dismissed in its entirety.'"); *United States v. Good Samaritan Church*, 29 F.3d 487, 488 (9th Cir. 1994) ("[T]he judgment in favor of the Przybylas and Good Samaritan Church dismissed the government's case without prejudice.  That is all it did.").

The appellants argue that in this case, the offending statements are included in the orders themselves, which means that the statements (along with everything else in the orders, presumably) should be considered adjudications subject to reformation: "If the Bankruptcy Court intended to make separate findings of fact that were not part of the judgment, it needed to make those findings on a separate document pursuant to Federal Rule of Civil Procedure 58, which is made applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 9021."  Memorandum in Opposition at 21.  But this is not what the "separate document" rule means.  That rule presumes a distinction between a judgment or order on the one hand, and the opinion and reasoning supporting that order on the other.  *See*

1  *In re Garland*, 295 B.R. 347, 352 (9th Cir. BAP 2003) ("An opinion contains the basis for the
2  court's decision.  An order is the court's disposition of the case granting or denying a specific
3  relief.").  It requires the judgment or order to be set forth on a separate document—separate,
4  that is, from the supporting opinion.  *See id.* ("A separate document means one separate from
5  an opinion or memorandum of the court.").  Here, there was no separate document containing
6  the judgment—only a memorandum containing the rulings along with the reasoning, and a
7  subsequent second memorandum elaborating on that reasoning.  This combination may have
8  violated the separate document rule, *see id.* ("A combination opinion and order violates the
9  separate document rule."), but it would be unreasonable to suppose that it transformed the
10 entire contents of the memorandum into a judgment for purposes of *Electrical Fittings*, or that
11 it made non-dispositive "findings" separately appealable—and the appellants cite no authority
12 for such a conclusion.

13         In sum, the judgment in this case comprises three decisions: to disqualify the
14 debtors' counsel, to appoint a trustee, and to keep the case in Chapter 11.  These have not
15 been challenged.  The court's supporting reasoning and "findings" are not subject to appeal
16 (and therefore, incidentally, provide no basis for collateral estoppel either).  There is no
17 likelihood of success on the merits because nothing has properly been appealed in the first
18 place.

19     **B.    Appellants Have Not Established That They Will Suffer Irreparable Injury.**
20

21         In support of their argument that they will suffer irreparable harm, the Senior
22 Noteholders contend that the disputed factual statements "could potentially serve as the basis
23 for collateral estoppel in subsequent litigation."  Memorandum in Opposition at 3.  The
24 Senior Noteholders point out that the court cited to the same disputed factual findings in its
25 order granting SB Claims' motion to reconstitute the initial creditors committee (Bankruptcy
26 Docket No. 2341).  Apparently, the Senior Noteholders have not comprehended the
27
28

bankruptcy court's repeated assurances that it has not predetermined the issues relating to the Senior Noteholders.[2]

### C. A Balancing of Hardships Weighs Against a Stay of the Bankruptcy Proceedings.

The Stay Motion asks this Court to preclude the bankruptcy court from making a determination of whether its order approving the Debtors' settlement with VIA and Intel should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure until the Senior Noteholders' appeal has been finally resolved. The Trustee opposes a stay of the Rule 60(b) motion. The question of whether or not the VIA settlement order was tainted by a fraud on the court goes to the very heart of the integrity of the bankruptcy process. Although the present motions were filed by SB Claims, the Trustee may decide to file his own motion seeking the same relief, or join in the motion filed by SB Claims, based on the results of his investigation of the circumstances surrounding the motion. The Trustee must not be prohibited from taking any steps to protect the estate that he deems appropriate. The Stay Motion arguably would bar the Trustee from carrying out the functions for which he was appointed for the duration of this appeal. A stay clearly is not in the interest of these bankruptcy estates and the creditors. The most important consideration, however, is the need to permit the bankruptcy court to continue to protect the integrity of the bankruptcy process and to issue such orders in aid of that process as the bankruptcy court may deem to be appropriate on the factual record before it.

### III. CONCLUSION

For the reasons stated herein, the Stay Motion should be denied.

---

[2] At a hearing on December 7, 2007, the bankruptcy court again explained that its factual findings in connection with the appointment of a chapter 11 trustee and its decision to grant the motion to reconstitute the committee dealt with the *appearance of possible impropriety*, not a determination that improper conduct by the Senior Noteholders had actually occurred. Transcript of December 7, 2007 Hearing (Bankruptcy Docket No [____].

| | |
|---|---|
| Dated: December 10, 2007 | FRIEDMAN DUMAS & SPRINGWATER LLP |

By: /s/ Cecily A. Dumas
Cecily A. Dumas

-and-

ALSTON & BIRD LLP
Grant T. Stein
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000