DEC 0 4 2007

FILED

2007 DEC -6 P 3:48

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
MICHAEL A. SWEET (CSBN 184345)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Proposed Attorneys for Reconstituted
Official Committee of Unsecured Creditors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SONICBLUE INCORPORATED,
DIAMOND MULTIMEDIA SYSTEMS,
INC., REPLAYTV, INC., and SENSORY
SCIENCE CORPORATION,

Debtors.

Case No. C-07-02553 RMW

**RECONSTITUTED OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO CROSS-MOTION FOR LIMITED STAY**

Date:   TBD
Time:   TBD
Place:  Courtroom 6, 4th Floor
Judge:  Hon. Ronald M. Whyte

I.
**INTRODUCTION**

Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd., (collectively, the "Senior Noteholders") have brought a motion for a limited stay of the proceedings in the bankruptcy action. They characterize their request as a very limited one. However, any stay of the bankruptcy proceedings will necessarily hinder the creditors of SONICblue in receiving a distribution. This case is over four years old and **there has not been a single payment to a single creditor**.

This case needs to move forward. As the Senior Noteholders point out, the matters appealed from are distracting from the administration of the estate. The Senior Noteholders agree that the matters appealed from should not be holding up the administration of the estate.

102907.1

OPPOSITION TO CROSS-MOTION FOR LIMITED STAY

However, they seek to stay the case pending resolution of the appeal. This makes no sense, and the Court should deny the Senior Noteholders' motion for a stay.

## II.
## THE SENIOR NOTEHOLDERS

Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. are New York hedge funds that are also creditors of SONICblue. They were appointed to the initial creditors committee in the SONICblue bankruptcy. As members of that committee they had extensive control over the course of this case. In the time that they were controlling this case, no distributions were made to any creditors. It has been alleged that the Senior Noteholders breached their fiduciary duties to the other creditors during their four year tenure as members of the committee. It has also been alleged that they used their control to further their own interests, at the expense of other creditors.

## III.
## THE RECONSTITUTED CREDITORS COMMITTEE

The Reconstituted Creditors Committee ("RCC") was appointed as the result of allegations of serious wrongdoing on the part of appellants in this matter as well as Pillsbury Winthrop. These allegations include breaches of fiduciary duty by Pillsbury to its clients and the appellants' duties as members of the initial unsecured creditors committee. The RCC's role is to represent the interests of the general unsecured creditors in this case. The RCC does not represent either of the parties to the adversary proceeding, and does not report to the Chapter 11 Trustee.

The RCC's sole goal in this bankruptcy is to ensure the prompt and equitable distribution of the estate's assets to the creditors.

## IV.
## DISCUSSION

The Chapter 11 Trustee has already filed a motion to dismiss the instant appeal. That motion is set to be heard on January 11, 2008 (as is presumably the motion to stay and the motion to withdraw reference). Without re-arguing the contents of that motion, the Reconstituted Creditors Committee ("RCC") believes it has a strong chance of being granted, and that this appeal

1 will be dismissed.

2 However, should the appeal progress, the Senior Noteholders would like to see large portions of the bankruptcy case stayed pending the outcome of the appeal. It is entirely uncertain how long that would be. That will result in the failure to distribute $85,000,000 to the creditors in this case. A stay would delay and complicate the bankruptcy proceedings, and should not be granted.

### A. The Creditors Will Be Prejudiced by the Requested Stay

The Senior Noteholders purport to request an order staying the "pending Motion for Partial Modification of the Settlement Order and the Adversary Proceeding related to the same (except discovery which may continue in the Bankruptcy Court.)" Senior Noteholders' Memorandum of Points and Authorities, P. 18 ln. 24 to P. 19 ln. 1. While at first blush this may seem to be a fairly limited stay, the repercussions could be much wider.

The Senior Noteholders have exhibited a willingness to "game" this case for their advantage at any opportunity. If a stay were granted, who is to say what the Senior Noteholders would claim constitutes violation of the stay? And each time there is an alleged violation of the stay, the bankruptcy case will grind to another halt as the issue is brought back to this Court.

There have been a number of disruptions in the bankruptcy proceeding, and the Senior Noteholders have had their hand in many of them. Judge Morgan has indicated that an end must come to the shenanigans when she dissolved the initial creditors committee and appointed a Chapter 11 Trustee. She has set up a process by which to resolve the questions in this case as well as keep it moving towards a distribution. This should not be disturbed.

Any delay in the administration of the estate is too much. The bankruptcy case has been delayed long enough. The request for a stay should be denied.

### B. The Senior Noteholders Will Not Be Prejudiced By a Denial of the Stay

As they must to prevail on this motion, the Senior Noteholders claim that they will suffer irreparable harm if there is no stay:

> Because the Bankruptcy Court did not hold an evidentiary hearing on the Motion to Reconstitute, or in connection with any of the motions that gave rise to the Orders, the Senior Noteholders have

> never been provided the opportunity to present evidence in their support. And if the Motion to Vacate or Modify Settlement Order is heard prior to the ruling on the Appeal, SB Claims effectively will be given the opportunity to obtain partial summary judgment on a key issue in the Adversary Proceeding based on improper rulings and without the opportunity to have the facts truly determined.

Senior Noteholders' Memorandum of Points and Authorities, P.29, ln. 13-19.

It is entirely unclear how this constitutes irreparable harm. Even assuming that the bankruptcy court made erroneous findings, and further assuming that those findings will be used to make any determination regarding the Adversary proceeding or the Motion for Partial Relief from Settlement Order, there is no irreparable harm. The Senior Noteholders could appeal such a ruling. Accordingly, there is an adequate remedy at law.

In any event, the Senior Noteholders cannot point to a single certain future event that will cause them irreparable harm. The **possibility** that a party might suffer an adverse ruling is speculative and cannot constitute irreparable harm. "Speculative injury cannot be the basis for a finding of irreparable harm." *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1098 (9th Cir. 2007) (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)).

C.     **It Is Unlikely that the Senior Noteholders Will Succeed on Their Appeal**

The Senior Noteholders claim, in a rather conclusory manner, that they are more than likely to succeed in their appeal. The Chapter 11 Trustee's motion to dismiss the appeal casts serious doubts on that contention. As set forth in that motion, the Senior Noteholders' appeal is not ripe, and they are merely seeking to have unfavorable facts overturned. This is not proper, the appeal is unlikely to succeed, and a stay is inappropriate.

///
///
///
///
///

# V.
# CONCLUSION

If any portion of the bankruptcy proceeding are stayed, the creditors will suffer. The Senior Noteholders will not suffer any harm in the absence of a stay. There should be no stay.

Dated: November 30, 2007

Respectfully submitted,

McNUTT LAW GROUP LLP


By: /s/ *Michael A. Sweet*
    Michael A. Sweet
Proposed Attorneys for Reconstituted Official
Committee of Unsecured Creditors