STROOCK & STROOCK & LAVAN LLP
Lewis Kruger (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

STROOCK & STROOCK & LAVAN LLP
Alan Z. Yudkowsky (State Bar No. 194994)
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

Counsel for Portside Growth & Opportunity Fund,
Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Van C. Durrer II (State Bar No. 226693)
Glenn Walter (State Bar No. 220015)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Counsel for Citadel Equity Fund Ltd.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re<br><br>SONICBLUE INCORPORATED, a Delaware corporation; DIAMOND MULTIMEDIA SYSTEMS, INC., a Delaware corporation; REPLAYTV, INC., a Delaware corporation; and SENSORY SCIENCE CORPORATION, a Delaware corporation,<br><br>    Debtors and Debtors in Possession. | Case No. C-07-02553 RMW<br><br>(Related to Case No. CV 07-06025-RMW)<br><br>**SENIOR NOTEHOLDERS' OMNIBUS REPLY TO RESPONSES TO MOTION TO WITHDRAW REFERENCE OF CHAPTER 11 CASES**<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. (collectively, the "Senior Noteholders") hereby submit this omnibus reply ("Reply") to the responses filed by the Chapter 11 Trustee [Appeal Docket No. 62] and SB Claims[1] [Appeal Docket No. 64] in further support of the Senior Noteholders' Motion to Withdraw Reference of Chapter 11 Cases (the "Withdrawal Motion").

## PRELIMINARY STATEMENT

The Senior Noteholders filed the instant motion to address an unfair prejudice to their legitimate rights of appeal. Although those objecting to this motion take solace in the Bankruptcy Court's statements in connection with prior proceedings in these Bankruptcy Cases, the record reveals that the Bankruptcy Court has repeatedly issued rulings based upon the very Findings challenged by the Senior Noteholders on their Appeal.

None of the objections to the Senior Noteholders' request for relief have merit. Specifically, the Withdrawal Motion was timely, having been filed soon after the threat to the Senior Noteholders' appeal rights manifested itself. More importantly, there is good cause to withdraw the reference: (1) the Bankruptcy Court relied on findings in its orders below that are presently on appeal; (2) although compelling the Bankruptcy Court to respect this Court's jurisdiction might induce some delay, withdrawal of the reference will remove the likelihood of delay as this Court will have the power simultaneously to permit the re-filing of a chapter 11 plan that will allow immediate distributions to all creditors; and (3) the disputes among the parties involve non-bankruptcy issues that do not concern the core competency of the Bankruptcy Court.[2] Under these

---

[1] Capitalized terms that are undefined herein shall have the meaning ascribed to them in the Memorandum of Points and Authorities in Support of Senior Noteholders' Opposition to Motion to Dismiss Appeal and Cross-Motions for Limited Stay of Proceedings and/or to Withdraw Reference of Chapter 11 Cases [Appeal Docket No. 22] (the "Senior Noteholders' MOL"). The Chapter 11 Trustee and SB Claims are sometimes collectively referred to herein as the "Objectors."

[2] (Declaration Of Lewis Kruger In Support Of Senior Noteholders' Omnibus Reply To Responses To Cross-Motion For Limited Stay ("Kruger Declaration") [Appeal Docket No 60], Ex. A (Third Supplemental Declaration in Connection with the Employment of Alston & Bird LLP as Counsel to Dennis J. Connelly, the Chapter 11 Trustee, Exhibits (Letter from Dennis J. Connelly, Chapter 11 Trustee, to William McGrane, counsel to SB Claims (Nov. 16, 2007) at 2 [Docket No. 2614]).)

circumstances, cause exists to withdraw the reference to permit this Court to deal will all matters in a single, judicially efficient forum.

## ARGUMENT

### A.  The Withdrawal Motion Was Timely Filed

Although the Senior Noteholders filed their Appeal on May 11, 2007, only recently have SB Claims' litigation strategy and the Bankruptcy Court's actions demonstrated that withdrawing the reference of the Bankruptcy Cases is appropriate and necessary to protect this Court's appellate jurisdiction.  SB Claims argues that the Senior Noteholders' Withdrawal Motion was untimely because the Senior Noteholders continued to participate in litigation between the time the Bankruptcy Court denied the Clarification Motion on May 4, 2007, and the filing of the Withdrawal Motion on November 20, 2007.  As an example, SB Claims refers to the Senior Noteholders' motion to dismiss the Adversary Proceeding filed on July 11, 2007.  That the Senior Noteholders filed a motion to dismiss is inapposite.  By its very nature, a motion to dismiss does not address disputed facts and accepts as true the factual allegations set forth in the complaint.  In re Van Wagoner Funds, Inc., 382 F. Supp. 2d 1173, 1179 (N.D. Cal. 2004) (citing Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996)) ("In considering a motion to dismiss a court must: (1) accept as true all of the factual allegations in the complaint, (2) construe the complaint in the light most favorable to the plaintiff, and (3) determine whether any set of facts would entitle the plaintiff relief.").  As such, filing a motion to dismiss in the Adversary Proceeding cannot possibly be seen as the Senior Noteholders' acquiescence of the Bankruptcy Court's jurisdiction over the Appellate Issues.

It is true, as SB Claims points out, that the Bankruptcy Court "repeatedly has reassured the [Senior] Noteholders that they will have the opportunity to conduct discovery and litigate [the issues on appeal] as the proceedings in the Bankruptcy Court head toward a final resolution." (SB Claims' Opposition to Motion to Withdraw Reference of Chapter 11 Cases [Appeal Docket No. 64] (the "SB Claims Objection") at 8.)  SB Claims, however, fails to acknowledge that when the

3

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

Bankruptcy Court first made such assurances to the Senior Noteholders on June 14, 2007,[3] there were no motions or pleadings on file by SB Claims pending that threatened, on their face, the Senior Noteholders' ability to obtain this Court's effective review of the Findings on appeal to this Court.

Prompted by SB Claims, the Bankruptcy Court thereafter did precisely what it said it would not do – it supplemented its hastily formed assessments of the Findings and, without giving the Senior Noteholders the ability "to more fully flush out those issues," ordered the reconstitution of the Initial Creditors Committee without the benefit of an evidentiary hearing. Therefore, it was not until the hearing on September 20, 2007, and the subsequent Reconstitution Order entered on October 4, 2007, that the Bankruptcy Court's interpretation of the record and the meaning of its prior statements became ambiguous.

And it was not until October 31, 2007, that an emboldened SB Claims filed the Motions for Partial Modification of the Settlement Order in an attempt to, in essence, obtain partial summary judgment on key issues that are subject to the Appeal and related to the Adversary Proceedings. Although recently the Senior Noteholders did prevail on the Bankruptcy Court to at least schedule a pretrial conference regarding these SB Claims' motions, the Bankruptcy Court had already scheduled trial on such motions believing that discovery was not necessary. In its denial of the Senior Noteholders' motion for a continuance or stay of the Motions for Partial Modification of the Settlement Order [Docket No. 2561] (the "Motion for a Continuance or Stay"), the Bankruptcy Court stated "the record before me fails to demonstrate that the ongoing discovery is necessarily relevant to the issues raised in the [Motion to Vacate or Modify Settlement Order (RJN, Ex. 27

---

[3] The Bankruptcy Court stated:

> I want to make plain that I don't feel that I have predetermined any of the issues that are going to come before us. I want to say that the issues that I ruled on previously arose in a different context. And you'll have since then and will be in the future conducting discovery, so that you will be able to more fully flush out those issues for the future hearings that we'll have.

(Transcript of Proceedings, June 14, 2007 at 23-24 [Docket No. 2375].)

4

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

[Docket No. 2548])] . . . . as SB Claims ably points out, the basic facts <u>surrounding</u> Pillsbury's failure to disclose a conflict of interest <u>are already part of the record</u> before me." (See Kruger Decl., Ex. B (Transcript of Proceedings, Dec. 7, 2007) at 36, 38 [Docket No. 2652] (emphasis added).)

In these circumstances, the Withdrawal Motion filed on November 20, 2007 is timely.

**<u>B. The Senior Noteholders Have Met Their Burden To Demonstrate Good Cause To Withdraw The Reference</u>**

*1. Withdrawing The Reference Would Promote The Efficient Use of Judicial Resources And Would Not Cause Delay Or Increase Costs*

The parties agree that a court in the Ninth Circuit, in determining whether "cause" exists to withdraw the reference, should "consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." <u>Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers</u>, 124 F.3d 999, 1008 (9th Cir. 1997) (citing <u>Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)</u>, 4 F.3d 1095, 1101 (2d Cir. 1993)). The parties, not surprisingly, differ in the application of this standard to the Senior Noteholders' motion.

As set forth in more detail in the Senior Noteholders' MOL, this Court has become the most appropriate forum for the resolution of the Bankruptcy Cases, and withdrawal of the reference is necessary to ensure the efficient administration of these cases. The continuing jurisdiction of the Bankruptcy Court on important aspects of the Bankruptcy Cases – the conduct of the Senior Noteholders' and their prior counsel – is limited by the Appeal. Rather than being relegated to the Chapter 11 Trustee's Investigation and the Adversary Proceeding, these issues have become the central issue in the administration of these Bankruptcy Cases, as aptly demonstrated by the many motions filed by SB Claims premised upon these same issues. To the extent the Bankruptcy Court is divested of jurisdiction over the predominant issues in these cases, it is not efficient for the Bankruptcy Court to take actions that may ultimately be void. Cause therefore exists in these circumstances to withdraw the reference to avoid multiple appeals and potential remands regarding the Bankruptcy Court's jurisdiction, and to avoid the costs and delays associated therewith.

5

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

Withdrawal of the reference, furthermore, will not interfere with the Chapter 11 Trustee's Investigation, delay confirmation of a plan or distributions to unsecured creditors, or delay the trial on the Adversary Proceeding or discovery related thereto.

The Objectors challenge the underlying premise that the Appeal sufficiently divests the Bankruptcy Court of jurisdiction over important aspects of the Bankruptcy Cases such that withdrawal of the reference would be efficient. These objections have two aspects, which we address below. First, the Objectors assert that the Appeal should be dismissed, and, therefore, there is no appellate jurisdiction to protect. Second, the Objectors assert that the Appeal does not impair the Bankruptcy Court's ability to efficiently administer the Bankruptcy Cases and that the Bankruptcy Court has continued to administer the Bankruptcy Cases before it in an manner consistent with the orders on Appeal, doing nothing to interfere with this Court's jurisdiction.

### *2. The Findings Are Subject To Review*

As a preliminary matter, for the reasons set forth in the Senior Noteholders' MOL, the Senior Noteholders respectfully submit that the Senior Noteholders possess standing to bring the Appeal, and the Chapter 11 Trustee's Motion to dismiss the Appeal should be denied. The Senior Noteholders' will not reiterate their arguments here.

### *3. The Bankruptcy Court Lack Jurisdiction Over Matters On Appeal*

The parties are in agreement that "[t]he filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982); Taylor v. Wood, 458 F.2d 15, 16 (9th Cir. 1972); Sumida v. Yumen, 409 F.2d 654, 656-67 (9th Cir. 1969), cert. denied, 405 U.S. 964 (1972). The parties also agree that the lower court "retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1190 (9th Cir. 2000) (emphasis added).

The Senior Noteholders have not objected to the Bankruptcy Court's implementation or enforcement of the Orders to the extent the Orders determined the issues of whether Pillsbury should be disqualified, a Chapter 11 Trustee appointed or the Bankruptcy Cases converted to

6

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

Chapter 7.  Instead, and at all times, the Senior Noteholders have been concerned with what they view as extraneous Findings that are not necessary to the Bankruptcy Court's rulings on the motions before the Court and not supported by evidence.  It is these Findings that are the subject of the Appeal.  SB Claims asserts that the Appeal should be dismissed, and the Cross Motions denied because "the Bankruptcy Court was careful to qualify the statements at issue, using limiting language such as 'may have,' 'appear,' and 'raise questions.'"  (SB Claims Objection at 8 (citing SB Claims' Opposition to Cross-Motion for Limited Stay of Proceedings [Appeal Docket No. 37] at 39).)

      Contrary to SB Claims' interpretation of the Orders, however, the Bankruptcy Court has not treated the Findings solely as "appearances" that have no application elsewhere and that have yet to be litigated.  For example, at the hearing on the Motion to Reconstitute, the U.S. Trustee objected to the disqualification of the members of the Initial Creditors Committee, saying, "I believe that [the] court was absolutely wrong to say that a party should be disqualified based on appearance alone. … I don't think appearances should govern what the Court does.  I think evidence and application of the law with proven facts should govern what the Court does here."  (Transcript of Proceedings, Sept. 20, 2007 [Docket No. 2505], RJN, Ex. 22 at 49-50.)  In response to the U.S. Trustee, and without hearing any new evidence on the matter, the Bankruptcy Court stated, "Let me just say that when we are talking about the integrity of the system, appearances matter.  **But we are dealing with much more than appearances in this case.  A number of facts – I'm going to say that what I'm going to do is I am going to rule that the U.S. Trustee has abused her discretion in failing to reconstitute the Committee**"  (Id. at 50 (emphasis added).)

      If the Findings were, as SB Claims alleges, only indications of appearances, the Bankruptcy Court improperly supplemented and expanded the Findings in ordering the reconstitution of the Initial Creditors Committee.  Indeed, one of the headings of the Clarification Order reads: "The Senior Noteholders Appear Not to Have Disclosed Signification Information to the Committee Notwithstanding its Unusually High Level of Involvement."  (Memorandum Decision and Order on Motion of Senior Noteholders for Clarification, or in the Alternative, Reconsideration [Docket No. 2279], RJN, Ex. 11 at 2 (emphasis added).)  At the hearing on the Motion to Reconstitute, the

7

Senior Noteholders' Omnibus Reply To Responses To Motion To
Withdraw Reference Of Chapter 11 Cases – C-07-02553 RMW / C-07-06025 RMW

Bankruptcy Court, however, referred to the Senior Noteholders' alleged nondisclosure as one of many "facts" justifying the reconstitution of the Initial Creditors Committee. (RJN, Ex. 22 at 51.) This finding, therefore, was expanded or supplemented from being an "appearance" to being a fact. Again, these and the other bases for reconstituting the Initial Creditors Committee were found without any new evidence, given the Bankruptcy Court's refusal to conduct an evidentiary hearing on the conduct of the Initial Creditors' Committee or its members, which were not the target of the Trustee Motion, Disqualification Motion or Chapter 7 Motion that resulted in the Orders.

  The Senior Noteholders submit that the Bankruptcy Court has lost jurisdiction over key aspects of these Bankruptcy Cases such that the Bankruptcy Court, as it has demonstrated, can no longer efficiently administer the Bankruptcy Cases under the circumstances.

### *4. The Existence of Core Proceedings Does not Preclude Withdrawing The Reference*

  The Objectors misconstrue the importance that the Senior Noteholders' MOL places on the "core"/"non-core" dichotomy. As SB Claims correctly notes, the Senior Noteholders are requesting the withdrawal of the reference of the Bankruptcy Cases, not just the Adversary Proceeding. (SB Claims Objection at 11.) If the reference of an entire bankruptcy case is withdrawn, core issues, such as the confirmation of a plan, are necessarily placed before the district court, and there is no question that the reference of either core or non-core matters may be withdrawn. 1 COLLIER ON BANKRUPTCY ¶ 3.04 (15th ed. rev. 2006). Courts, however, often examine the "core"/"non-core" dichotomy as a corollary to the determinations of the questions of efficiency and uniformity. Orion Pictures Corp., 4 F.3d at 1101. The point of the Senior Noteholders' exploration of this issue in the Senior Noteholders' MOL was merely to highlight that several of the key issues raised by the Adversary Proceeding, such as the interpretation of a pre-petition contract and fraud claims between non-debtor parties, did not depend on bankruptcy law

for their existence such that it would necessarily be more efficient for these issues to proceed before the Bankruptcy Court.

## CONCLUSION

For the reasons set forth above, the Senior Noteholders respectfully request that the Objections be overruled and the Withdrawal Motion granted.

Dated:  December 28, 2007          STROOCK & STROOCK & LAVAN LLP
                                   LEWIS KRUGER
                                   KENNETH PASQUALE
                                   ALAN Z. YUDKOWSKY


                                   By:   /s/ Kenneth Pasquale
                                         Kenneth Pasquale

                                   Attorneys for Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd.

                                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                   VAN C. DURRER II
                                   GLENN WALTER


                                   By:   /s/ Van C. Durrer II
                                         Van C. Durrer II

                                   Attorneys for Citadel Equity Fund Ltd.

## ATTESTATION OF FILING

Pursuant to General Order No. 45 § X(B), I hereby attest that I have obtained concurrence in the filing of this Senior Noteholders' Omnibus Reply To Responses To Motion To Withdraw Reference Of Chapter 11 Cases and have on file all holograph signatures for any signatures indicated by a "conformed" signature within this e-filed document.

By: /s/ Alan Z. Yudkowsky
Alan Z. Yudkowsky
Attorneys for Portside Growth & Opportunity Fund, Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd.